## L. GILLARDE CO. v. JOSEPH MARTINELLI & CO., Inc.

### No. 4322.

Circuit Court of Appeals, First Circuit.
July 8, 1948.

For former opinion, see 168 F.2d 276.

Henry J. Stein, of Boston, Mass., and Harold S. Lansing and Blanksten & Lansing, all of Chicago, Ill., for petitioner.

Silvio Martinelli and Emerson S. Searle, both of Springfield, Mass., for appellee.

William T. McCarthy, U. S. Atty., of Boston, Mass., J. Stephen Doyle, Jr., Sp. Asst. to Atty. Gen., and Neil Brooks, Acting Associate Sol., U. S. Department of Agriculture, and James E. Horton, Atty., U. S. Department of Agriculture, both of Washington, D. C., for the United States, amicus curiae.

Before MAHONEY, and WOODBURY, Circuit Judges and PETERS, District Judge.

MAHONEY, Circuit Judge.

The complainant has petitioned for rehearing in regard to that part of our decision of May 17, 1948, 1 Cir., 168 F.2d 276, in which we held that upon remand to the district court the respondent's defense that the cantaloupes were not U. S. No. 1 when shipped might be considered by way of recoupment of damages, and filed a brief in support thereof. The United States, which has not previously participated in this case, has submitted a brief as amicus curiae in support of the petition. The respondent in response to our invitation filed a brief in opposition thereto. The only question is, as stated by the United States in its brief, does the buyer who rejects—even though he has no right to reject—an "acceptance" or "acceptance final" shipment have a right to recover damages for a breach of the contract by the shipper, assuming that there has been a breach for which damages could have been recovered if the shipment had been accepted? Both the United States and the complainant urge that to allow recoupment of damages even though there has been a wrongful rejection would defeat the policy of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C.A. § 499a et seq. They contend that buyers would not be discouraged from rejecting if they knew that they would still be able to recoup damages in a suit against them for the purchase price. The United States points out that for a period of over ten years the Department of Agriculture has interpreted the regulations promulgated by the Department as not allowing recovery of damages where there has been a wrongful rejection. It

states that our opinion in this case changes the principle under which the Department and the trade have operated for many years.

The Act was intended to prevent produce from becoming distress merchandise and to protect sellers who often were at a great distance from the buyer. In our original opinion we stated that even though the buyer should be allowed to recoup for the breach by the seller, the buyer would have to bear any loss resulting from its wrongful rejection. It appeared to us that the seller would be protected from any loss caused by rejection in this way. But it is now called to our attention that the Department of Agriculture, which administers the Act and which is familiar with the evils the Act was intended to prevent, believes that to allow a buyer who rejects wrongfully to recoup would drastically reduce the effectiveness of the Act by removing much of the sanction against wrongful rejection. Upon consideration of the petition for rehearing and the briefs submitted, we think that since the Department has interpreted its regulation in a manner which it thinks necessary to carry out the purposes of the Act, and since the interpretation has been adhered to for over ten years, it should not be disregarded. Under these circumstances we hold that we should not substitute our interpretation merely because our original thought was that such a drastic interpretation is not needed to carry out the intent of the Act. The Department's interpretation is not plainly erroneous; it is a possible and reasonable interpretation of the regulation, even if not the only possible one. We therefore think it should be followed, cf. Bowles v. Seminole Rock & Sand Co., 1945, 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700, and the opinion amended by striking out the two paragraphs preceding the final paragraph.

The judgment of this court entered May 17, 1948, is vacated; and the judgment of the district court of August 27, 1947, is vacated and the case is remanded to that court for the entry of judgment in accordance with the opinion of May 17, 1948, 168 F.2d 276, as hereby amended.