**NEW MEXICO DEPARTMENT OF HEALTH AND SOCIAL SERVICES and Security Insurance Company of Hartford, Plaintiffs,**

v.

**SECRETARY OF AGRICULTURE et al., Defendants.**

**Civ. No. 9276.**

United States District Court, D. New Mexico.

March 29, 1973.

William C. Briggs, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, N. M., for Security Ins. Co. of Hartford.

James G. Huber, Agency Asst. Atty. Gen., Health and Social Services Dept., Santa Fe, N. M., for New Mexico Dept. of Health and Social Services.

Victor R. Ortega, U. S. Atty., Richard J. Smith, Asst. U. S. Atty., Albuquerque, N. M., for defendants.

## MEMORANDUM OPINION

BRATTON, District Judge.

This action is for a declaratory judgment that neither plaintiff is liable to the defendants for an amount equal to the full face value of unrecovered food stamps stolen from a Food Stamp Sales Unit in Albuquerque, New Mexico. Plaintiffs also ask that a determination made by defendants which charges the plaintiff state agency for the full face value of the stolen and unrecovered stamps be set aside.

Jurisdiction over this controversy is authorized by 28 U.S.C. § 1331. The parties have filed a statement of agreed facts and have submitted briefs in support of their positions.

On the night of January 7, 1970 burglars entered the New Mexico Department of Health & Social Services Food Stamp Sales Unit office at 1021 Isleta Blvd., S.W., by knocking a hole through a brick wall of the office at a point below the burglar alarm system wires. After prying open the floor safe, the burglars stole food stamps with a face

value of $90,197.00 and $78.00 in cash from the safe.

The H.S.S. office notified the Department of Agriculture, local police, banks, and grocers in the Albuquerque area immediately after discovering the burglary. The state agency advised the defendants of the burglary and reported to them the serial numbers and face values of all the stolen stamps. $30,000 worth of the stamps were later recovered in an investigation by local authorities. The remaining stamps have not been recovered. There is no evidence that any of them have been presented to a grocer in exchange for food. There is no evidence that any of them have been presented to a bank for payment of face value. Nor is there evidence that a bank has returned any of them to the United States for reimbursement.

The defendants determined that the State of New Mexico through the plaintiff H.S.S. should repay the Food & Nutrition Service the full amount of the face value of the unrecovered stamps and demanded payment of $57,989.00. The determination was made without notice or a hearing. Plaintiff Security issued a policy insuring the New Mexico Department of Health & Social Services against loss by safe burglary. The policy was in effect at the time of the theft and covered the premises burglarized. The State of New Mexico filed an action in state court demanding payment of $57,989.00 under the terms of the policy.

Plaintiffs contend that they are not liable for the amount demanded under either the Department of Agriculture regulations or the common law relationship between the state agency and the F.N.S. and that the defendants' determination should be set aside as erroneous or arbitrary and capricious. The defendants claim that the state agency is strictly liable for an amount equal to the full face value of the missing stamps under the Agriculture regulations, that the regulations do not exceed the authority delegated to Agriculture under the Food Stamp Act of 1964 and that the defendants' determination should be upheld.

The defendants argue that 7 C.F.R. §§ 1601.6(b)[1] and 1601.7(b),[2] which were in effect at the time of the burglary and which provide that a state agency is accountable to the defendants and must account fully for stamps distributed to it, impose strict liability on the state agency for the loss of stamps due to burglary; that the state agency has not fully accounted for the stolen stamps under 7 C.F.R. § 1601.7(b) by reporting the burglary to defendants together with a list of serial numbers and denominations of the stolen stamps; and that the state agency is liable for the full face value of the unrecovered stamps under 7 C.F.R. § 1601.7(b). The defendants do not contend that the state agency was unreasonable or negligent in its handling of the stamps.

The regulations establish a common law principal-agent relationship with a fiduciary duty between the defendants and the state agency with regard to the agency's possession of the stamps. An agent is under a duty to use reasonable care and diligence to pro-

1. (b) The State agency shall arrange for the prompt verification of and receipting for the contents of each coupon shipment, in accordance with instructions issued by C&MS. Thereafter, the State agency shall be accountable to C&MS for the coupons distributed to it and for the sums authorized to be collected from households as payment for the coupon allotments issued to such households.

2. (b) If C&MS determines that there has been a failure on the part of the State agency to account fully for coupons distributed to it, or the sums authorized to be collected by it in payment of the purchase requirement including the cash equivalent of any vouchers or warrants accepted by it in accordance with § 1601.6(c), the State agency shall, on demand by C&MS, pay to C&MS, in accordance with instructions issued by C&MS, the amount due as a result of such failure. In the event coupons are issued by mail at the risk of C&MS as provided in § 1601.6(d), the State agency will have accounted fully to C&MS for properly issued coupons while in the mail by mailing coupons and maintaining records of such mailings in accordance with instructions issued by C&MS.

tect his principal's property from theft. See Preston v. Prather, 137 U.S. 604, 11 S.Ct. 162, 34 L.Ed. 788. Since the facts do not establish a breach of that duty by the state agency, and since no such breach of duty is argued by defendant, it must be determined whether the regulations relied on by the defendants alter the common law duty between the parties.

■ The words "accountable to" and "account fully for" used in 7 C.F.R. §§ 1601.6(b) and 1601.7(b) as they existed at the time of the burglary do not impose strict liability on the state agency for an amount equal to the full face value of stamps stolen from it under the circumstances of this case.

Defendants argue that their interpretation of the regulations imposing strict liability for the full face value of stolen stamps is the ultimate interpretive criterion which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation. Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 65 S.Ct. 1215, 89 L.Ed. 1700. There is nothing in the Food Stamp Act of 1964 to support their interpretation. Defendants have not cited any cases or previous instances where their strict liability interpretation was either urged or applied. See Power Reactor Dev. Co. v. Electricians, 367 U.S. 396, 408–409, 81 S.Ct. 1529, 6 L.Ed.2d 924; Chapman v. Sheridan-Wyoming Co., 338 U.S. 621, 623, 70 S.Ct. 392, 94 L.Ed. 393; L. Gillarde Co. v. Joseph Martinelli & Co., 169 F.2d 60 (1st Cir. 1948), cert. den. 335 U.S. 885, 69 S.Ct. 237, 93 L.Ed. 424.

Defendants concede in their trial brief that both their interpretation and the interpretation argued by plaintiffs are possible interpretations of the language used in §§ 1601.6(b) and 1601.7(b). Thus admittedly the regulations are ambiguous. The fairness of permitting defendants to ex post facto interpret their own ambiguous regulation to impose strict liability on plaintiffs is highly dubious.

The cases cited by defendants in support of their interpretation of the language used in the regulations apply to situations completely different from the one now under consideration, and none of those cases hold that there can be only one immutable meaning of the phrase "account for." Moreover, defendants' interpretation imposing strict liability is inconsistent with other parts of the Food Stamp Program regulations. 7 C.F.R. § 1600.4(c) which explicitly imposed a duty on the state agency to "use care and caution" in storing stamps and safeguarding them from theft would be superfluous and unnecessary if the regulations in question imposed strict liability. The same is true with regard to the standard required in caring for receipts collected by the state agency for stamps under 7 C.F.R. § 1601.6(f). The portion of § 1601.7(b) which specifies that a state agency will have "accounted fully" for properly issued stamps while in the mail by mailing the stamps in accordance with F.N.S. regulations and maintaining records of such mailings is also inconsistent with the defendants' interpretation.

It is particularly significant to consider the amendment made to § 1601.7(b) after the burglary occurred. In the current regulation, 7 C.F.R. § 271.7(b), the "account for" language has been entirely deleted, and the state agencies are expressly made liable to pay the defendants the face amount of any stamps lost by theft. Defendants' attempt to pass over this change as not important is unpersuasive. The material alteration of the regulation under these particular circumstances is very significant.

The sequence of events as to the regulation in question can be summarized as follows:

1. The Department of Agriculture promulgated a regulation which was at the very best ambiguous as to who would bear liability for theft of stamps from a state agency where that agency was not negligent.

2. After such a theft had occurred the Department for the first time interpreted its own regulation to place liabili-

ty for such a loss upon the state agency rather than upon itself.

3. The Department then came into court and urged that its after the fact interpretation is either binding, or at a minimum highly persuasive.

4. The Department then amended its own regulation to explicitly spell out that the state is liable for such a loss from theft.

This sequence of events speaks for itself and lends no support to the Department's position in this case.

A duty of reasonable care is the one most consistent with the regulations in effect at the time of the burglary, and the state agency has not breached that duty. The defendants' determination that the state agency is strictly liable for an amount equal to the full face value of the unrecovered stamps will be set aside and the plaintiffs will be declared not liable to defendants for the value of those stamps.

Judgment will be entered accordingly.