629 P.2d 1222

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**William R. KOEHLER, Defendant-Appellee.**

No. 12958.

Supreme Court of New Mexico.

June 9, 1981.

Jeff Bingaman, Atty. Gen., Janice Marie Ahern, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Steven G. Farber, Santa Fe, for defendant-appellee.

## OPINION

EASLEY, Chief Justice.

The Attorney General (AG) obtained a multicount indictment against the appellee, William R. Koehler, charging him with embezzlement and securities law violations. The trial court dismissed the indictment without prejudice. The AG appealed to the Court of Appeals. Koehler cross-appealed. The AG moved to certify the appeal to this Court. The motion was granted. We reverse the trial court, reinstate the indictment and dismiss the cross-appeal.

The questions presented are: (1) whether the District Attorney (DA) failed or refused to prosecute this case; and (2) whether the two assistant AGs who presented the information to the grand jury were legally qualified to do so.

Koehler was the subject of a lengthy investigation initiated in 1978 by the AG regarding his creation of limited partnerships, solicitation of investment money and mismanagement and embezzlement of money.

The AG assigned the investigation to his white-collar crime division, an investigative unit uniquely qualified to probe investment fraud because of the expertise of its staff of auditors and specially-trained investigators. This unit gathered evidence, traced payments of money and witnesses, prepared flow charts and identified the role of participants in these activities.

After the investigation had been in progress for several months, the AG authorized his assistants to meet with the deputy DA and advise him of the investigation.

At the meeting, the deputy DA concurred in the AG's recommendation that the case should be prosecuted and expressed an interest in assisting the office of the AG and offered the services of his office for the purpose of presenting the case to the grand jury. He stated that the office of the District Attorney of the First Judicial District would be unable to take the primary responsibility to initiate the case against appellee because the DA lacked resources and expertise in prosecuting securities fraud cases.

The record shows that the deputy DA made a statement on another occasion that the policy of the office of the DA was to defer in such cases to the office of the AG where more expertise, capability and financial resources are available. He admitted that by virtue of the complexities of this case, the office of the DA would not be able to handle it.

On February 26, 1979 the deputy DA wrote to the assistant AG to advise that the DA felt that the case should be prosecuted; that they were interested in assisting with the prosecution; that he would make arrangements for swearing in the assistant AGs and make the grand jury available; that the deputy DA would be unable to make a total commitment to assisting and did not know if he would be able to personally participate in motion hearings or the trial; that "I look forward to working with you on this case." The DA took no further action.

The two assistant AGs who presented the information and submitted the indictment to the grand jury continued on their own initiative without requesting any further help from the DA and without keeping him informed of the grand jury presentation.

Koehler maintains that the two assistant AGs were not qualified to appear before the grand jury because they had not taken an oath pursuant to Article XX Sec-

tion 1 of the Constitution of New Mexico, which provides as follows:

> Every person elected or appointed to any office shall, before entering upon his duties, take and subscribe to an oath or affirmation that he will support the constitution of the United States and the constitution and laws of this state, and that he will faithfully and impartially discharge the duties of his office to the best of his ability.

We do not interpret this section to mean that an assistant AG, who is a subordinate appointed at the pleasure of the AG pursuant to Section 8–5–5, N.M.S.A. 1978 (Cum. Supp.1980), must undergo the identical formal swearing in ceremony required of the AG or other public official. The assistant AGs who presented the information to the grand jury swore to uphold the Constitution of the United States and the laws of this state when they took the attorney's oath at the time they were admitted to the Bar. They were administered the usual oath of secrecy by a judge of the First Judicial District before appearing to present the case to the grand jury. We rule they were qualified to appear before the grand jury.

■ Koehler contends that the AG had not complied with state law in commencing this criminal prosecution, that the powers of the AG are prescribed by statute and that he has neither common law nor constitutionally enumerated powers. *State v. Reese*, 78 N.M. 241, 430 P.2d 399 (1967); *State ex rel. Clancy v. Hall*, 23 N.M. 422, 168 P. 715 (1917).

Koehler states the DA has primary responsibility to prosecute all criminal cases in his jurisdiction, § 36–1–18, N.M.S.A. 1978 and § 31–6–7, N.M.S.A. 1978 (Cum.Supp. 1980), and that any prosecutorial powers the AG has by statute may be exercised only when the DA has failed or refused to act. Koehler alleges that the DA had not failed to act and charges that the AG usurped the authority and duties of the DA to be the law officer of the district.

Koehler's claim that the DA did not fail to act is but a conclusion. We view the conduct of the AG to be in accord with the authority conferred in Sections 8–5–2, 8–

5–3 and 8–5–5, N.M.S.A. 1978 (Orig.Pamp. and Cum.Supp.1980). Section 8–5–2 provides authority for the AG to prosecute criminal cases in any court when the State's interest requires such action or when requested to do so by the Governor "except as otherwise provided by law." Section 8–5–3 specifies that upon the "failure or refusal" of any DA to act in any criminal case, the AG is authorized to act. Under Section 8–5–5, the AG may appoint assistant AGs, who shall have the same power and authority as the AG.

In *State v. Naranjo*, 94 N.M. 407, 611 P.2d 1101 (1980), we declared that this statute must be construed as a whole to ascertain the true meaning and the legislative intent.

> We interpret the statutes quoted above to mean that if a district attorney does not perform properly and adequately his legal duties of investigation and prosecution of civil and criminal cases, * * * then the attorney general not only has the power, but it is his duty, where conditions warrant, to perform these functions and to appoint assistant attorneys general as special prosecutors for the appropriate purposes.

The language of this Court in *State v. Reese*, 78 N.M. 241, 430 P.2d 399 (1967) is particularly applicable here in reviewing the parallel statutory provisions defining the powers of the district attorney and the attorney general.

> The language, in our view, permits the attorney general to bring an action on behalf of the state if no other provision has been made for it to be brought, or to step into litigation brought by another *where the interests of the state are not being adequately represented or protected.*

*Id.*, 78 N.M. at 245, 430 P.2d at 403 (emphasis added).

*Naranjo, supra*, 94 N.M. at 410, 611 P.2d at 1104.

In this case the only common sense construction that can be placed on the negotiations between the AG and the DA is exhibited in the deputy DA's letter which, in

effect, said: "We cannot handle this case. You fellows proceed with it. If you need help, call on me, and maybe I can assist you."

It would be absurd to construe the legislative mandate, that the AG step in when the DA fails and refuses to act, to mean that the two could not make an agreement for the AG to take over a prosecution. In this case the DA "failed" to proceed with the case simply because he had made a clear-cut arrangement with the AG to handle it. Even the Deputy DA who did the negotiating expressed his opinion that his office failed to act on the case.

We hold that the DA delegated the prosecution to the AG and that the AG had an affirmative duty to proceed pursuant to the authority conferred upon him by Section 8–5–3.

The order of dismissal of the indictment is reversed, the indictment reinstated and the cross-appeal dismissed.

IT IS SO ORDERED.

SOSA, Senior Justice and FEDERICI, J., concur.