814 P.2d 143

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Wendell George HOLLENBECK,
Defendant–Appellant.**

**No. 12518.**

Court of Appeals of New Mexico.

May 16, 1991.

Tom Udall, Atty. Gen., Max Shepherd, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, John L. Walker, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

BIVINS, Judge.

The issue presented by this case is whether an attorney who is part of the Medicaid Providers Fraud Control Unit (MPFCU), which is funded by a legislative appropriation to the state auditor, may prosecute a criminal sexual penetration case for a local district attorney. We hold that, under the circumstances of this case, he may not. Accordingly, we reverse defendant's conviction and remand.

By way of background, the MPFCU is organized pursuant to federal law. To encourage the states to develop MPFCUs and thus prosecute, under state law, fraud in the provision of medicaid services, the federal government reimburses each state for ninety percent of the cost of such programs. In addition to prosecuting fraud offenses, the MPFCUs also review complaints of abuse and neglect of patients. 42 CFR, §§ 1002.301 to 1002.321. At the applicable time in this case, the MPFCU was funded by appropriations to the state auditor. 1989 N.M. Laws, ch. 107 § 4.

To implement the prosecution of offenses under the federal program, the office of each district attorney entered into a memorandum of agreement with the MPFCU. The agreement provided that, if the attorneys attached to the MPFCU were to prosecute, the local district attorney would appoint them special assistant district attorneys; if the local district attorney elected to prosecute, the MPFCU would provide assistance. Pursuant to this agreement Greg Worley was appointed a special assistant district attorney for the Second Judicial District.

The charges in this case grew out of defendant's employment by a health care facility receiving medicaid payments and the allegation he committed criminal sexual offenses on one of the female patients.

Mr. Worley presented the case to the grand jury and obtained an indictment. Defendant moved to dismiss the indictment for lack of jurisdiction on the basis of *State v. Baca*, 101 N.M. 716, 688 P.2d 34 (Ct.App. 1984). The trial court denied the motion. The state and defendant entered into an agreement whereby, in exchange for reducing the charge to attempt to commit criminal sexual penetration in the third degree, defendant agreed that the district court could dispose of the matter on stipulated facts. Defendant agreed to waive all motions and defenses he had, except his jurisdictional challenge based on the previously mentioned motion to dismiss for lack of jurisdiction. The defendant reserved the right to appeal if the trial court found him guilty under the agreed facts.

The district court found defendant guilty and he now appeals, raising the jurisdictional issue.

Two lines of statutory authority in New Mexico allow the district attorney to appoint assistants. NMSA 1978, Sections 36–1–2 and 36–1–5 (Repl. Pamp.1984) allow the district attorney to appoint regular assist-

ants. NMSA 1978, Section 36–1–23.1 (Repl. Pamp.1984) allows the district attorney to appoint special assistants when the district attorney cannot prosecute the case for ethical reasons or other good cause.[1] In his motion to dismiss, defendant alleged that neither ethical reasons nor other good cause prohibited the district attorney from prosecuting this case and, in the absence of such a showing, a special assistant could not be appointed under Section 36–1–23.1. The state concedes there was no reason why the district attorney for the Second Judicial District could not have prosecuted defendant.

The state's sole contention is that Mr. Worley's appointment was permitted under Sections 36–1–2 and 36–1–5. Section 36–1–2 provides that "[e]ach district attorney ... may appoint one or more suitable persons ... to be his assistants." Section 26–1–5 provides that "[w]ithin legislative appropriations, the district attorney in each judicial district may appoint necessary assistant district attorneys and other personnel and assign their duties."

In answer to defendant's argument that Mr. Worley was not appointed a regular assistant district attorney, the state contends that Mr. Worley's title as "special" assistant is not controlling. *See Candelaria v. Robinson*, 93 N.M. 786, 606 P.2d 196 (Ct.App.1980). We agree. The state further cites *Candelaria* for the proposition that we have previously recognized the right of a district attorney to appoint assistants under Sections 36–1–2 and –5 and assign them limited duties. *Candelaria*, however, was a civil defamation case in which the issue of the efficacy of an appointment of an assistant was not raised; it does not control the outcome of this case.

What controls this case is *State v. Baca* and certain well-established principles of statutory construction. *State v. Baca* holds that a court obtains no jurisdiction over an action brought without authority and that, if an individual who does not have

authority to prosecute does prosecute, the court will lack jurisdiction. In *Baca*, the lack of authority was due to the fact that the prosecutor, an attorney representing the victim in a civil case, was not appointed as any sort of assistant district attorney. Nor was he appointed to act as associate counsel by specific order of the court under NMSA 1978, Section 36–1–19 (Repl. Pamp. 1984), another way a private attorney may represent the state in criminal prosecutions.

Well-established rules of statutory construction provide that where there are general laws and special laws, the special laws control. *See State v. Blevins*, 40 N.M. 367, 60 P.2d 208 (1936). Thus, we hold that Section 36–1–23.1, being the more specifically applicable law in that it deals specifically with appointments of assistant district attorneys for individual cases, was the only provision that would authorize the appointment of Mr. Worley under the circumstances presented. Moreover, another rule of statutory construction is that we do not presume the legislature enacted a useless statute. *Alvarez v. Board of Trustees of La Union Townsite*, 62 N.M. 319, 309 P.2d 989 (1957). Yet, if the state is correct that Mr. Worley's appointment was authorized by Sections 36–1–2 and –5, there would be no need for any special prosecutor laws.

We are not persuaded otherwise by the out-of-state authority relied upon by the state: *State v. Fischer*, 769 S.W.2d 619 (Tex.App.1989); *Goldberg v. State*, 69 Md. App. 702, 519 A.2d 779 (1987), *aff'd on different grounds*, 315 Md. 653, 556 A.2d 267, *cert. denied* 493 U.S. 852, 110 S.Ct. 151, 107 L.Ed.2d 109 (1989); *State v. Cook*, 172 Ga.App. 433, 323 S.E.2d 634 (1984), *cert. denied*, January 24, 1985. In none of those cases did the court recognize an inherent or general statutory power to appoint a special prosecutor for an individual case despite a specific statutory provision governing the appointment of such special

---

1. NMSA 1978, Section 36–1–19 (Repl. Pamp. 1984) allows for appearance by associate counsel by order of the court and approval by the attorney general or district attorney. The parties agree this section does not apply.

prosecutors. (Although the state contends that article 2.07 of Vernon's Texas Code of Criminal Procedure is such a specific statute, the opinion in *Fischer* does not address article 2.07.)

Because the opinions the state relies on are distinguishable and because the state's argument ignores principles of statutory construction that we are bound to follow, we are compelled to hold Mr. Worley did not have authority to prosecute this case.

In so holding, we do not wish to imply the district attorney could not have appointed the MPFCU attorney as a special prosecutor to prosecute this case under Section 36–1–23.1. Aside from ethical reasons, Section 36–1–23.1 authorizes appointments for "other good cause." If the district attorney lacks sufficient assistants to timely and competently prosecute all the criminal cases referred to his office, arguably budgetary constraints may provide good cause for the appointment of special prosecutors. The rationale for requiring authorization for prosecution is to avoid prosecution by persons who are not held accountable or subject to the oath of office. Here Mr. Worley's appointment apparently did require he take the same oath as required of assistant district attorneys; that he act only on this specific matter; and that his actions were subject to review and control by the appointing authority, the district attorney. If those requirements are met, good cause may exist for such appointments. The reason that the district attorney 'cannot prosecute' a case need not be a legal or ethical reason; it could be a matter of lack of resources. The appellate courts have dismissed cases arising out of the Second Judicial District on speedy trial violations, weighing in some of those cases the reason for the delay—heavy caseload—against the state. *See, e.g., Zurla v. State,* 109 N.M. 640, 789 P.2d 588 (1990). We might be hard pressed to interpret the statute, as the state apparently does, so narrowly as to allow appointment of special prosecutors only where a conflict or other impediment prevents the district attorney from prosecuting. We do not do so here because the state concedes the issue for this case.

Defendant's conviction is reversed and this matter is remanded with instructions to dismiss the indictment.

IT IS SO ORDERED.

HARTZ and CHAVEZ, JJ., concur.