913 P.2d 1300

STATE of New Mexico,
Plaintiff–Appellee,

v.

Debra Anne CHERRYHOMES,
Defendant–Appellant.

No. 16188.

Court of Appeals of New Mexico.

Dec. 11, 1995.

Tom Udall, Attorney General and Ann M. Harvey, Assistant Attorney General, Santa Fe, for Plaintiff–Appellee.

Debra Anne Cherryhomes, Liberty, Texas, Appellant Pro Se.

*OPINION*

BUSTAMANTE, Judge.

Defendant appeals from her conviction for the offense of custodial interference contrary to NMSA 1978, Section 30–4–4(B) (Repl.

Pamp.1994). We reverse because the district attorney for the Fifth Judicial District failed to properly appoint a special prosecutor to initiate the case, and as a result, the trial court did not obtain jurisdiction. Defendant's other issues are thus rendered moot and we will not discuss them.

Defendant argued below and argues here that the district court lacked jurisdiction to hear the criminal complaint against Defendant because George Zsoka, the person filing the criminal information, lacked the proper authority to represent the State and therefore the district court lacked jurisdiction over the action. Defendant relies on the New Mexico statute providing for appointment of special prosecutors and New Mexico case law interpreting this statute. *See* NMSA 1978, § 36–1–23.1 (Repl.Pamp.1991); *State v. Hollenbeck*, 112 N.M. 275, 814 P.2d 143 (Ct.App. 1991); *State v. Baca*, 101 N.M. 716, 688 P.2d 34 (Ct.App.1984). The State argues that Mr. Zsoka's status as an assistant district attorney in the Ninth Judicial District, combined with the appointment as special prosecutor of Randall Harris, district attorney for the Ninth Judicial District, satisfied the requirements of Section 36–1–23.1. We agree with Defendant's position.

In the early stages of the proceedings, the district attorney for the Fifth Judicial District (the DA) stated he intended to arrange for a special prosecutor to handle the case so there would not be "any questions of any sort of over zealousness or lack of zealousness because of who [defendant] is married to." On April 27, 1993, the DA did execute a form purporting to appoint Randall M. Harris as "Special Prosecutor in and for the Fifth Judicial District of the State of New Mexico" and purporting to grant Mr. Harris "the authority to represent the State of New Mexico in such capacity from and after said date."

The proceedings below were commenced on June 11, 1993, by the filing of a criminal information signed by Mr. Zsoka, as "Special Prosecutor." The criminal information was filed in Eddy County, which is included within the Fifth Judicial District of the State of New Mexico. At the time he signed the criminal information, Mr. Zsoka apparently was not employed as an assistant district attorney in the Fifth Judicial District. Mr. Zsoka, at that time, was an assistant district attorney in and for the counties of Curry and Roosevelt, comprising the Ninth Judicial District of the State of New Mexico. The record does not contain any document purporting to appoint Mr. Zsoka as a special prosecutor in the Fifth Judicial District for purposes of representing the State of New Mexico in the case against Defendant, and the parties agree Mr. Zsoka was not specifically appointed as a special prosecutor in Defendant's case.

Mr. Zsoka represented the State in the early stages of this litigation. The prosecution of the case was continued by Melissa A. Sawyers. The record does reflect a form of appointment properly appointing Melissa A. Sawyers as special prosecutor effective September 22, 1993.

▮ Both the appointment of Mr. Harris (and his oath) and the appointment of Ms. Sawyers (and her oath) were attached as exhibits to the State's answer brief, and the State has asked us to take judicial notice of them. We treat the State's request as to these two documents as a motion to supplement the record, which we grant because the documents were judicially noticed by the district court and were thus part of the record in this case. *See Gonzales v. Gonzales*, 116 N.M. 838, 840, 867 P.2d 1220, 1222 (Ct.App. 1993). In addition, Defendant posed no objection to the State's request. The answer brief also has two other documents attached, which were not part of the record below and were apparently part of the records of another judicial district. We disregard those other documents. *See Miller v. Smith*, 59 N.M. 235, 241, 282 P.2d 715, 719 (1955).

▮ The legislature has provided specific guidelines for the appointment of assistant district attorneys and special prosecutors. We have made it clear in *Baca* and *Hollenbeck* that criminal prosecutions may be commenced and conducted only by persons properly appointed under the New Mexico statutes. Absent a proper appointment, the trial court does not obtain jurisdiction over the matter. *Hollenbeck*, 112 N.M. at 277, 814 P.2d at 145; *Baca*, 101 N.M. at 717, 688

P.2d at 35. It is clear that Mr. Zsoka was not a regular assistant district attorney within the Fifth Judicial District under the provisions of either NMSA 1978, Sections 36–1–2 or 36–1–5 (Repl.Pamp.1991). In addition, the State does not argue that Zsoka was acting as "associate counsel" under NMSA 1978, Section 36–1–19(A) (Repl. Pamp.1991). The only other provision under which Mr. Zsoka could have been properly appointed to prosecute is Section 36–1–23.1, which provides as follows:

> Each district attorney may, when he cannot prosecute a case for ethical reasons or other good cause, appoint a practicing member of the bar of this state to act as special assistant district attorney. Any person so appointed shall have authority to act only in the specific case or matter for which the appointment was made. An appointment and oath shall be required of special assistant district attorneys in substantially the same form as that required for assistant district attorneys in Section 36–1–2 NMSA 1978.

Two aspects of Section 36–1–23.1 are relevant. The provision allows the district attorney to appoint a "practicing member of the bar" to act as a special assistant district attorney. The statute in addition states that "[a]ny *person* so appointed shall have authority to act only in the specific case or matter for which the appointment was made." (Emphasis added). First, the statute clearly contemplates the appointment of a particular person to act as a special prosecutor, and limits the authority granted under the section to that person. Thus, we do not believe that appointment of Randall Harris, the district attorney for the Ninth Judicial District, operates to effectively appoint Mr. Harris *and* all of his assistant district attorneys as special prosecutors. The appointment under Section 36–1–23.1 is personal; it is not intended to allow appointment of an entity or an office.

Second, the statute clearly limits appointments under Section 36–1–23.1 to particular cases or matters. To give effect to this provision, the written appointment should identify the matter in which the individual is being appointed. In this case, the written appointment purported to appoint Mr. Harris to be special prosecutor "in and for the Fifth Judicial District" as a general matter. While we need not, and therefore do not, hold that the written appointment was ineffective solely due to this failing, we consider this failing to be an additional reason why the appointment of the special prosecutor in this case was ineffective. The later proper appointment of Ms. Sawyers was not sufficient to cure the initial jurisdictional defect caused by the failure to properly appoint Mr. Zsoka. *See Baca,* 101 N.M. at 717, 688 P.2d at 34.

The district court lacked jurisdiction to proceed with this prosecution. We therefore reverse and remand with instructions to dismiss the information.

**IT IS SO ORDERED.**

PICKARD and WECHSLER, JJ., concur.