1996–NMSC–072

930 P.2d 1139

**STATE of New Mexico, Plaintiff–
Petitioner,**

v.

**Debra Anne CHERRYHOMES,
Defendant–Respondent.**

**No. 23409.**

Supreme Court of New Mexico.

Nov. 26, 1996.

Tom Udall, Attorney General, Ann M. Harvey, Assistant Attorney General, Santa Fe, for Plaintiff–Petitioner.

Stout & Winterbottom, Richard A. Winterbottom, Albuquerque, for Defendant–Respondent.

## OPINION

RANSOM, Justice.

1. Debra Anne Cherryhomes was convicted of the fourth-degree felony of custodial interference with the parental rights of her daughter's father. *See* NMSA 1978, § 30–4–4(B) (Repl.Pamp.1994) (custodial interference). The Court of Appeals reversed the conviction, holding that the assistant district attorney who filed the criminal information had not been properly appointed a special prosecutor, thus negating the jurisdiction of the trial court. *State v. Cherryhomes*, 121 N.M. 496, 913 P.2d 1300 (Ct.App.1995). The State petitioned this Court for our writ of certiorari to consider whether a district attorney appointed as special prosecutor under NMSA 1978, Section 36–1–23.1 (Repl. Pamp.1991) is prohibited from delegating responsibility to an assistant district attorney for conducting a preliminary examination and filing a criminal information. We granted certiorari. 121 N.M. 444, 913 P.2d 251 (1996). Holding that the assistant district attorney had proper authority to prosecute this case, we reverse the Court of Appeals.

2. *Facts and proceedings.* A criminal complaint was filed and an arrest warrant was issued in the Fifth Judicial District against Cherryhomes in March of 1993. She was arrested one month later. The district attorney for the Fifth Judicial District announced that, because of Cherryhomes' marriage to an attorney formerly active in the district, he would appoint a special prosecutor "just so that there is not any question of any sort of overzealousness or lack of zealousness because of who she is married to."

3. The district attorney for the Fifth Judicial District purportedly appointed the district attorney for the Ninth Judicial District, Randall M. Harris, as the special prosecutor in this case under Section 36–1–23.1. The appointment stated that:

> Notice is hereby given that Randall M. Harris is hereby appointed Special Prosecutor in and for the Fifth Judicial District of the State of New Mexico effective the 27th day of April 1993 and that the said Randall M. Harris shall have the authority to represent the State of New Mexico in such capacity from and after said date.

The appointment was filed under a miscellaneous case number, which the clerk of the court testified to be the standard practice for such appointments.

4. George Zsoka, an assistant district attorney for the Ninth Judicial District, acting on behalf of and under the supervision of Harris, represented the State at the preliminary hearing in Magistrate Court and filed the criminal information in Eddy County District Court, both of which are in the Fifth Judicial District. While Zsoka was not appointed as a special prosecutor for this case, he was a duly appointed assistant district attorney for the Ninth Judicial District, having taken the oath of that office in 1990. Melissa Sawyers, another assistant district attorney from the Ninth Judicial District, was subsequently appointed as special prosecutor for the Fifth Judicial District. Her appointment is not contested. It was she who prosecuted the case at trial. The first trial of Cherryhomes ended in a mistrial. After a second jury trial, Cherryhomes was convicted of custodial interference. Cherryhomes appealed to the Court of Appeals, arguing that the trial court lacked jurisdic-

tion because Zsoka prosecuted the case without proper appointment.

5. *The appointment of Harris was in substantial compliance with Section 36–1–23.1.* Section 36–1–23.1 provides that

> [e]ach district attorney may, when he cannot prosecute a case for ethical reasons or other good cause, appoint a practicing member of the bar of this state to act as special assistant district attorney. Any person so appointed shall have authority to act only in the specific case or matter for which the appointment was made. An appointment and oath shall be required of special assistant district attorneys in substantially the same form as that required for assistant district attorneys....

In both written and oral argument before this Court, Cherryhomes emphasized the impropriety of Harris' appointment.[1] She argued that because Harris' appointment was filed in a miscellaneous file rather than in this case and stated neither the specific matter over which the special prosecutor was given authority nor the scope or purpose of the appointment, it failed to comply with statutory requirements and consequently did not confer authority on Harris to prosecute this case. Thus, any subsequent delegation of authority to Harris' assistant was invalid. Cherryhomes asserts that we must require strict compliance with Section 36–1–23.1, and find that the Harris appointment did not meet statutory requirements.

■ 6. Strict statutory compliance is required when the intent of the legislature "would be frustrated by anything less than strict compliance." *Green Valley Mobile Home Park v. Mulvaney*, 121 N.M. 817, 820, 918 P.2d 1317, 1320 (1996). "We must look to the object the legislature sought to accomplish and the wrong it sought to remedy." *Id.* Section 36–1–23.1 provides for the appointment of qualified prosecutors subject to an oath of office when the district attorney cannot prosecute a specific case for ethical or other reasons. As the Court of Appeals stated in *State v. Hollenbeck*, 112 N.M. 275, 278,

814 P.2d 143, 146 (Ct.App.1991), "[t]he rationale for requiring authorization for prosecution is to avoid prosecution by persons who are not held accountable or subject to the oath of office." Section 36–1–23.1 requires only that the appointment and oath of a special prosecutor be in "substantially the same form" as the appointment and oath of an assistant district attorney. We do not believe that Section 36–1–23.1 requires strict compliance to further the goal of the legislature.

■ 7. In this case, in accordance with the practice of the Fifth Judicial District Court, the appointment of Harris was placed in writing and filed with the clerk of the court under a miscellaneous file number. The appointment of Harris apparently was not challenged in the trial court, and was only briefed and argued before this Court after being raised by the Court of Appeals in its opinion. No record was made for the trial court to rule on whether the appointment was, in fact, not specific and limited in scope and purpose to this case. The Court of Appeals had noted that:

> [T]he written appointment purported to appoint Mr. Harris to be special prosecutor 'in and for the Fifth Judicial District' as a general matter. While we need not, and therefore do not, hold that the written appointment was ineffective solely due to this failing, we consider this failing to be an additional reason why the appointment of the special prosecutor in this case was ineffective.

*Cherryhomes*, 121 N.M. at 498, 913 P.2d at 1302. We also decline to hold that the language of the appointment establishes as a matter of law that the legislative intent was thwarted.

■ 8. Harris was administered the oath of office of special prosecutor, as required under the appointment. It is relatively insignificant that within the four corners of the document the written appointment failed to mention the Cherryhomes case specifically, or to restrict Harris's appointment to that

---

1. While this point was not raised in the trial court, the Court of Appeals noted that Harris' appointment did not strictly comply with Section 36–1–23.1. The parties raised the issue of Harris's appointment in their briefs on certiorari, and in oral argument it became a focal point for questions from this Court.

case. The language of Section 36–1–23.1 places restrictions on the scope of a special prosecutor's authority to "the specific case or matter for which the appointment was made." In this case, there is no indication in the record that the special prosecutor acted outside the bounds of this authority; he acted as special prosecutor in this case alone. If Harris's appointment was not specific to this case it was incumbent upon Cherryhomes to present lack of compliance with Section 36–1–23.1 to the trial court for a factual determination.

9. *Appointment of a special prosecutor does not preclude delegation.* Cherryhomes argues that even if the appointment of Harris is found to be valid, the appointment is non-delegable, and thus Zsoka was not authorized to act as a special prosecutor. Appointment, she argues, is "personal" and the authority of the appointment cannot be delegated to an employee. She states that " '[a]ny person so appointed' means one, singular, solitary, unique person." Cherryhomes asserts that principles of agency apply mostly to business transactions, and that such concepts are not applicable to this case. The State, however, asserts that agency principles are applicable to this case, and that Zsoka was acting as an agent of the special prosecutor, Harris.

10. It is a general principle long-recognized in New Mexico that

an agency may be created for the performance of any lawful act, including acts done under the authority of a statute. In order to determine that a right conferred by statute shall only be exercised personally and cannot be delegated to an agent something must be found in the Act by express enactment or necessary implication which prevents an agent from acting.

*Coldwater Cattle Co. v. Portales Valley Project, Inc.,* 78 N.M. 41, 45, 428 P.2d 15, 19 (1967), *quoted in Smith v. Walcott,* 85 N.M. 351, 356, 512 P.2d 679, 684 (1973), *and Turley v. State,* 96 N.M. 579, 581, 633 P.2d 687, 689 (1981) (citation omitted).

■ 11. Section 36–1–23.1 does not expressly preclude a special prosecutor from delegating responsibilities associated with his or her appointment. If the legislature had intended to preclude a district attorney

appointed as a special prosecutor from delegating duties of that office to an assistant district attorney acting under his or her supervision, it could easily have done so. Because the legislature neither implicitly nor explicitly placed this restriction on district attorneys appointed as special prosecutors, the general principles of agency law permit such delegation of authority. *See New Mexico Dep't of Health and Soc. Servs. v. Secretary of Agric.,* 376 F.Supp. 953 (D.N.M.1973) (holding agent-principal relation exists between state food stamp agency and United States Department of Agriculture); *State v. Jaramillo,* 113 Idaho 862, 749 P.2d 1, 2 (1987) (holding that prosecuting attorney's powers are conferred on deputy prosecuting attorney because their relation is that of principal and agent). Therefore, Zsoka, acting as an agent for Harris, had the authority of a special prosecutor as provided for under Section 36–1–23.1.

12. Cherryhomes argues that in *State v. Reese,* 78 N.M. 241, 430 P.2d 399 (1967), we "ruled" that the district attorney has no common-law powers and no authority outside his or her district. In *Reese,* we considered the question whether the attorney general has broad common-law powers, antedating the New Mexico Constitution, that would allow him to displace a district attorney pursuing an action on behalf of the State against the Chairman of the State Highway Commission. We held that he does not and stated that the reverse was also true: namely, that district attorneys have no broad common-law powers allowing them to displace the attorney general in similar actions. *Id.* at 246–48, 430 P.2d at 404–06. Our statements there regarding district attorneys were not necessary to the holding, which concerned the powers of the attorney general. Because those statements were dicta in *Reese* and because *Reese* is distinguishable from this case, we find that case inapplicable here.

■ 13. *Separate appointment of an agent not required.* In addition to her argument on the principles of agency law, Cherryhomes argues that actual appointment of every attorney that acts as a special assistant district attorney is required by Section 36–1–

23.1. Cherryhomes directs the Court to two opinions in which the Court of Appeals has held that an attorney must be appointed as a special prosecutor to prosecute a criminal case. *See State v. Hollenbeck,* 112 N.M. 275, 814 P.2d 143 (Ct.App.1991); *State v. Baca,* 101 N.M. 716, 688 P.2d 34 (Ct.App.1984). The Court of Appeals below relied on these cases in reversing Cherryhomes' conviction. While we agree with the Court of Appeals that in both *Baca* and *Hollenbeck* the prosecuting attorney lacked proper authority, we do not view either of these cases as controlling precedent in this case.

14. In *Baca,* the court reversed a conviction because the prosecutor was a private attorney who had not been appointed as special prosecutor. *Baca,* 101 N.M. at 716–17, 688 P.2d at 34–35. The court noted that under NMSA 1978, Section 36–1–19(A) (Repl. Pamp.1991), no one "other than the attorney general's office [or] district attorney's office [may represent] the state in a criminal proceeding, except on order of the court and with the consent of those officers." *Id.* at 717, 688 P.2d at 35. The basis for the court's decision in *Baca* was the fact that the requirements of Section 36–1–19(A) had not been met. The attorney prosecuting the criminal case against Baca was from neither the attorney general's office nor the district attorney's office and there was no court order allowing him to represent the State. The district attorney's approval of his prosecuting the case did not suffice to confer proper authority on him to represent the state in that criminal proceeding. *Id.*

15. This case is distinguishable from *Baca* because Zsoka was an assistant district attorney authorized to represent the State in criminal proceedings, he took an oath that was substantially similar to the special prosecutor's oath, and he was acting under the direction and supervision of a duly appointed special prosecutor. *Cf. State v. Koehler,* 96 N.M. 293, 295, 629 P.2d 1222, 1224 (1981) (refusing to require assistant attorneys general to take identical oath required of attorney general in order to present a case to a grand jury). Therefore, Zsoka's representation of the State satisfies the purposes animating Section 36–1–23.1 insofar as he was

subject to the oath of office and was accountable to the public. *See Hollenbeck,* 112 N.M. at 278, 814 P.2d at 146 (explaining rationale for requiring prosecutorial authorization). The private attorney in *Baca,* in contrast, took neither the special prosecutor's oath nor the assistant district attorney's oath and was not accountable to the public.

16. In *Hollenbeck,* the Court of Appeals reversed a conviction where the district attorney lacked adequate grounds to appoint a special prosecutor. Section 36–1–23.1 allows a district attorney to appoint a special prosecutor "when he cannot prosecute a case for ethical reasons or other good cause." The appointment was defective because, as the State conceded on appeal, the district attorney had neither ethical reasons nor other good cause to appoint a special prosecutor. *Hollenbeck,* 112 N.M. at 277, 814 P.2d at 145. The central issue in *Hollenbeck* was whether the district attorney had "an inherent or general statutory power to appoint a special prosecutor" even in the absence of ethical reasons or other good cause. *Id.* at 277–78, 814 P.2d at 145–46. Having concluded that the district attorney had no such power, the Court of Appeals ruled the trial court lacked jurisdiction over the criminal proceeding.

17. The holding in *Hollenbeck* is distinguishable because in this case the district attorney for the Fifth Judicial District had an ethical reason to appoint a special prosecutor and therefore complied with Section 36–1–23.1. Zsoka was an assistant district attorney whose oath is substantially the same as the special prosecutor's oath, he was accountable to the public, and the appointment of the district attorney under whose supervision he worked was required to avoid a potential conflict of interest. For these reasons, neither *Baca* nor *Hollenbeck* dictates the result in this case.

18. *Conclusion.* We hold that both Harris and his deputy, Zsoka, had proper authority to conduct the prosecution of the State's case against Cherryhomes. Section 36–1–23.1 requires only substantial compliance to further the goal of the legislature, and both individuals substantially complied with the statute. Therefore, the decision of the Court of Appeals is reversed and the case is re-

manded to the Court for consideration of issues on appeal other than the proper authority of the special prosecutor.

19. **IT IS SO ORDERED.**

FRANCHINI and MINZNER, JJ., concur.