**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date: <u>December 3, 2014</u>

**NO. 32,881**

**STATE OF NEW MEXICO,**

  Plaintiff-Appellee,

v.

**DANNY SURRATT,**

  Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Steven L. Bell, District Judge**

Gary K. King, Attorney General
Yvonne M. Chicoine, Assistant Attorney General
Santa Fe, NM

for Appellee

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

for Appellant

**_____OPINION**

**SUTIN, Judge.**

{1}     This appeal raises the issue whether a person appointed as special prosecutor in a criminal case has authority to appoint another attorney to act as special prosecutor instead. In Defendant's first trial, prosecuted by a special prosecutor appointed by the district attorney of the judicial district in which the case originated, the district court ordered a new trial. Defendant's second trial was prosecuted by a second special prosecutor, this one appointed by the first special prosecutor. We hold that the district attorney of the judicial district in which the case originated was the only person with authority to appoint a special prosecutor and that the district court lacked jurisdiction over the case being retried.

**BACKGROUND**

{2}     Defendant Danny Surratt was a police officer and deputy sheriff in Lea County, New Mexico for approximately thirty-five years. When he was charged with four counts arising out of allegations of sexual abuse of his wife's two minor granddaughters in Lea County, Janetta Hicks, the district attorney for the Fifth Judicial District, the judicial district in which Lea County is situated and the prosecution originated, determined that a conflict of interest precluded her office from prosecuting Defendant. Accordingly, acting pursuant to NMSA 1978, Section 36-1-

23.1 (1984), Ms. Hicks appointed Diana Martwick, district attorney for the Twelfth Judicial District, to prosecute Defendant in her stead. *See id.* (providing that when a district attorney "cannot prosecute a case for ethical reasons or other good cause" the district attorney may "appoint a practicing member of the bar of this state to act as special assistant district attorney").

{3}     Ms. Martwick assigned assistant district attorneys from her office in the Twelfth Judicial District to prosecute the State's case against Defendant, and they proceeded to file a criminal information against Defendant in the Fifth Judicial District Court and then to try the State's case against Defendant before a jury. Of the four charges that comprised the State's case against Defendant, the jury found Defendant guilty of a single count of criminal sexual penetration of a child between the ages of thirteen and eighteen. The district court dismissed two of the charges, and because the jury could not reach a verdict as to the fourth charge, the district court declared a mistrial as to that charge. Before Defendant was sentenced, new counsel entered the case on his behalf. Defendant, through his new counsel, moved for a new trial on the basis of an error in the jury instructions related to the charge of which Defendant was convicted, and the district court granted the motion.

{4}     When the district court ordered a new trial, Ms. Martwick was ill and undergoing medical treatment and was therefore unable to personally prosecute the

2

State's case against Defendant. Also, an unspecified conflict had arisen between the alleged victims and the assistant district attorney who had prosecuted Defendant in the first trial. Owing to the conflict and because, in Ms. Martwick's view, the assistant district attorney "seemed overwhelmed by the case and having to retry the whole thing all over again[,]" and lacked "the experience to deal with the re-trial[,]" Ms. Martwick "felt that it would be in the best interest of justice to re-assign the case" to another jurisdiction. Ms. Martwick then appointed Matthew Chandler, district attorney for the Ninth Judicial District, as special prosecutor in the State's case against Defendant.

{5}     Following Mr. Chandler's appointment as special prosecutor, Mr. Chandler's chief deputy district attorney entered her appearance on behalf of the State and began moving the case toward trial. Defendant successfully moved to sever the two remaining charges against him, and the State re-tried Defendant on the charge of criminal sexual penetration of a child under the age of thirteen. A jury found Defendant guilty of that charge; however, before Defendant was sentenced, his counsel learned from an anonymous telephone call that " 'the jury had and used improper information' " in reaching its verdict. Defendant moved for a new trial contingent upon confirming the truth of the anonymous caller's information. The district court issued an order authorizing Defendant's counsel to interview the jurors

concerning Defendant's trial. The court also determined that, pending Defendant's investigation into the jury issue, it would delay filing a judgment and sentence pursuant to the jury's verdict.

{6}     Although the investigation into the jury issue did not, in defense counsel's estimation, "warrant further actions[,]" Defendant nevertheless moved to dismiss the complaint and set aside the sentence because, in the process of investigating the jury issue, defense counsel "became aware for the first time of defects in the appointment of" Mr. Chandler as special prosecutor. Defendant argued that Mr. Chandler lacked authority to prosecute Defendant because, among other things, Ms. Martwick, in her role as special prosecutor, lacked authority to appoint another special prosecutor to prosecute the State's case. Defendant concluded by arguing that, because Mr. Chandler lacked authority to prosecute Defendant, "no jurisdiction exists for criminal prosecution of the matter[.]" In a follow-up motion containing points and authorities in support of his lack-of-authority argument, Defendant also argued that Ms. Martwick did not have a valid or ethical reason to appoint a new special prosecutor to prosecute Defendant.

{7}     The State's response to Defendant's motion to dismiss the complaint and set aside the sentence included affidavits of Ms. Hicks, Ms. Martwick, and Mr. Chandler. In relevant part, Ms. Hicks stated in her affidavit that Ms. Martwick "would not have

4

come back to my office for another appointment as I was already conflicted out of the proceeding. It would have been [Ms.] Martwick's responsibility to make any further [special prosecutor] appointments she deemed appropriate."[1] Ms. Martwick stated in her affidavit that before re-assigning the case, she contacted Ms. Hicks, and they "both agreed that [Ms. Hicks] was conflicted out and that [Ms. Martwick] should be the one to" appoint a new special prosecutor. Ms. Martwick also addressed the bases of her decision to appoint another special prosecutor. Finally, Mr. Chandler stated in his affidavit that he had read, understood, and accepted the responsibilities of the oath of a special prosecutor as reflected by the filing of his acceptance of the appointment.

{8}     The district court denied Defendant's motion and proceeded to enter its judgment reflecting Defendant's conviction of criminal sexual penetration of a child under age thirteen and sentenced Defendant to eighteen years of imprisonment. The State dismissed the remaining charge of criminal sexual penetration of a child between the ages of thirteen and eighteen without prejudice in consideration of Defendant's sentence of incarceration and on the ground of "judicial efficiency[.]"

---

[1] If Ms. Hicks and her office had a conflict that required her to appoint a special prosecutor, here Ms. Martwick, we do not understand why Ms. Hicks excused herself and her office for reasons of conflict from appointing a replacement special prosecutor.

{9}	On appeal from the district court's judgment and sentence, Defendant argues that his conviction should be reversed and the matter remanded because Mr. Chandler was not lawfully appointed as special prosecutor and did not have lawful authority to prosecute the case, and because the district court lacked jurisdiction over the second trial of Defendant. We agree and reverse the district court's judgment and sentence and remand this matter to the district court for further proceedings.

**DISCUSSION**

{10}	Whether, pursuant to Section 36-1-23.1, Ms. Martwick had authority to appoint Mr. Chandler as a special prosecutor in the State's case against Defendant, and the related question whether the district court had jurisdiction over this matter, are questions of law that we review de novo. *See State v. McClaugherty*, 2008-NMSC-044, ¶ 21, 144 N.M. 483, 188 P.3d 1234 (stating that a question of jurisdiction of the district court that is answered through statutory construction is reviewed de novo).

{11}	Section 36-1-23.1, titled "[s]pecial prosecutors in conflict cases[,]" provides that

> [e]ach district attorney may, when he cannot prosecute a case for ethical reasons or other good cause, appoint a practicing member of the bar of this state to act as special assistant district attorney. Any person so appointed shall have authority to act only in the specific case or matter for which the appointment was made. An appointment and oath shall be

6

required of special assistant district attorneys in substantially the same form as that required for assistant district attorneys[.][2]

{12} Defendant concedes and we agree that Ms. Martwick had authority to designate an assistant district attorney within her own office to prosecute Defendant, as she did in the first trial. *State v. Cherryhomes*, 1996-NMSC-072, ¶ 11, 122 N.M. 687, 930 P.2d 1139 (stating that where a district attorney has been appointed as special prosecutor in a particular case pursuant to Section 36-1-23.1, he or she is permitted to delegate the task of prosecution to an assistant district attorney acting under his or her supervision). Defendant contends, however, that as special prosecutor Ms. Martwick did not have the authority of a "district attorney" for the purpose of appointing a special prosecutor pursuant to Section 36-1-23.1. We agree.

{13} As the district attorney for the Fifth Judicial District, Ms. Hicks had a statutory duty to prosecute Defendant on behalf of the State for the alleged crimes originating within Lea County. NMSA 1978, § 36-1-18(A)(1) (2001) ("Each district attorney shall . . . prosecute . . . for the state in all courts of record of the counties of his district all [criminal] cases . . . in which the state or any county in his district may be a party

---

[2] Based on the title and the text of Section 36-1-23.1, it is clear that, for the purposes of and in the context of this case, the designation "special assistant district attorney[]" is synonymous with the designation of "special prosecutor[]" outside of the office of the appointing district attorney. The parties use the term "special prosecutor," as do we.

or may be interested[.]"). Ms. Hicks' position also vested her with the lawful authority to appoint a special prosecutor when ethical reasons or other good cause so required. Section 36-1-23.1. When Ms. Hicks appointed Ms. Martwick to act as special prosecutor in this matter, Ms. Martwick was vested with the limited authority to prosecute the State's case against Defendant. Section 36-1-23.1 ("Any person . . . appointed [to act as special prosecutor] shall have authority to act only in the specific case or matter for which the appointment was made."). Ms. Martwick's appointment as special prosecutor authorized her, in effect, to step into the shoes of the district attorney for the Fifth Judicial District solely to prosecute as prescribed by Section 36-1-18(A)(1).

{14}    Nothing in the language of Section 36-1-23.1 supports a conclusion that the Legislature intended a special prosecutor, appointed for the purpose of prosecuting a single case, to assume the authority with which the appointing district attorney was vested by virtue of having been elected to the office to appoint a special prosecutor. While a conflict may have prevented Ms. Hicks and her office from prosecuting Defendant, under Section 36-1-23.1, she nevertheless retained the statutory duty to act on behalf of the Fifth Judicial District to appoint a special prosecutor to do so, as she did with the appointment of Ms. Martwick. Having learned that Ms. Martwick could no longer prosecute the case in her stead, it was incumbent upon Ms. Hicks, as

8

the only person with lawful authority to do so, to appoint another special prosecutor. By appointing Mr. Chandler to act as special prosecutor in Defendant's case, Ms. Martwick unlawfully assumed the exclusive authority of the district attorney for the Fifth Judicial District to appoint a special prosecutor to prosecute a matter originating within the Fifth Judicial District.

{15} We are not persuaded by the State's attempt to explain its position that Ms. Martwick's "transfer" of the case to Mr. Chandler was lawful and did not deprive the district court of jurisdiction. With no applicable authority nor any manageable logic, the State offers several unsupported notions. The State concentrates on the fact that both Ms. Martwick and Mr. Chandler are elected district attorneys who took the required oaths in that regard and had statutory prosecutorial duties, thus curing any concerns about whether the appointment by Ms. Martwick comported with the language of Section 36-1-23.1 or created any actual prejudice to Defendant. All that occurred, according to the State, was nothing more than a substitution by Ms. Martwick of a qualified attorney as an authorized "hybrid" between what the State characterizes as a "regular assistant district attorney[]" and a "special assistant district attorney." The *Cherryhomes* and *Hollenbeck* cases on which the State relies, *see Cherryhomes*, 1996-NMSC-072, ¶¶ 6, 11, and *State v. Hollenbeck*, 1991-NMCA-060, ¶¶ 7, 14, 15, 112 N.M. 275, 814 P.2d 143, which are the only cases remotely close to

9

the issue here, in no way support the State's argument. And we particularly reject the State's implication, when citing to *Cherryhomes* and *Hollenbeck*, that the legislative enactments of NMSA 1978, Section 36-1-1 (1909), NMSA 1978, Section 36-1-5 (1988), NMSA 1978, Section 36-1-2 (1984), and Section 36-1-23.1 indicate both a legislative intent to allow Ms. Martwick's appointment of Mr. Chandler or, as more directly argued by the State, if the Legislature had intended to preclude such an appointment delegation responsibly it could have easily done so. It would be fruitless for us to attempt to set out in any more detail the State's eleven-plus-page discussion attempting to justify the significance of these notions and its position on appeal.

{16}    In sum, we hold that Ms. Martwick lacked lawful authority to appoint Mr. Chandler, Mr. Chandler lacked authority to prosecute the State's case against Defendant, and the district court lacked jurisdiction over Defendant's re-trial. "[I]f an individual who does not have authority to prosecute does prosecute, the [district] court will lack jurisdiction." *Hollenbeck*, 1991-NMCA-060, ¶ 10. Accordingly, we reverse the district court's judgment and sentence and remand this matter to the district court for further proceedings. *See id.* ¶¶ 14-15 (reversing the defendant's conviction where a special prosecutor's appointment did not conform to the legal requirements of Section 36-1-23.1). Because we reverse on jurisdictional grounds,

10

we do not consider Defendant's argument regarding the validity of Ms. Martwick's reasons for appointing a special prosecutor.

**CONCLUSION**

{17}    We reverse the district court's judgment and sentence and remand this matter to the district court for further proceedings.

{18}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**MICHAEL E. VIGIL, Judge**

11