■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PATRICK P. DELLAVALLE, Respondent. [687 NYS2d 199] —Mikoll, J. P. Appeal from an order of the County Court of Essex County (Halloran, J.), entered June 26, 1997, which granted defendant's motion to dismiss the indictment.

This is a criminal prosecution based upon $14.16 in long distance telephone charges allegedly incurred by defendant to

call his children from Florida using the calling card of his former wife, Donna Barker. The record discloses that defendant and Barker had been embroiled in a bitter matrimonial proceeding which was still ongoing at the time of the disputed telephone charges. When Barker received the telephone bill in question, she consulted with her matrimonial attorney, John Wilkins, who advised her to take the matter up with the Lake Placid Police Department and the Essex County District Attorney's office (hereinafter the D.A.'s office). During the same time period, Wilkins accepted a temporary appointment as a special Assistant District Attorney with the D.A.'s office for the period of June 1996 to December 1996 while continuing to represent Barker in the matrimonial action. In October 1996, the D.A.'s office presented the matter of the telephone charges to a Grand Jury, which returned an indictment charging defendant with grand larceny in the fourth degree, theft of services and petit larceny. Defendant has alleged that when he received notice of the impending Grand Jury presentation he went to the D.A.'s office on the appointed day with the intention of testifying, but was denied the opportunity to do so for want of any advance notice.[1]

Defendant subsequently moved to dismiss the indictment on the ground that Wilkins' dual and concurrent roles as Assistant District Attorney and counsel to Barker in the ongoing matrimonial matter constituted an impermissible conflict of interest. County Court, agreeing that the facts of the case created an appearance of impropriety and "a substantial risk that, absent disqualification of the District Attorney's Office, public confidence in our criminal justice system could be undermined", dismissed the indictment, appointed Penelope Clute, the District Attorney of Clinton County, as Special Prosecutor for the purpose of representing the People in the matter through its final disposition and directed that the D.A.'s office deliver its files in the matter to Clute. Nearly one year later, the D.A.'s office filed a notice of appeal of County Court's order[2] and now seeks reversal thereof.

The appeal must be dismissed. It is well settled that appellate review of orders issued in criminal proceedings is limited by the specific statutory authority therefor (see, Matter of

---

1. There is nothing in the record to suggest that Wilkins had any personal involvement in the presentation of the case to the Grand Jury.

2. Despite this delay, there is no merit to defendant's contention that the appeal is untimely since the record reveals that defendant never served the People with the subject order or notice of entry thereof, and "prevailing party service [is required] in order to commence the time for filing a notice of appeal" (People v Washington, 86 NY2d 853, 854).

*Abrams [Anonymous]*, 62 NY2d 183, 189; *Matter of Santangello v People*, 38 NY2d 536, 538; *Matter of Alphonso C. [Morgenthau]*, 38 NY2d 923, 924-925). As we have previously noted, there is no right of direct appeal from an order of disqualification (*see, Matter of Kavanagh v Vogt*, 88 AD2d 1049, *affd* 58 NY2d 678). To the extent that the District Attorney characterizes its appeal as based upon CPL 450.20 (1), authorizing the People's appeal from an order dismissing an indictment pursuant to, *inter alia*, CPL 210.20, we note parenthetically that we perceive no identifiable statutory basis for the People's challenge, particularly since the order dismissing the indictment did not "terminate the prosecution" (*see, People v Coppa*, 45 NY2d 244, 249). In any event, the appointment of a Special Prosecutor to replace the District Attorney in a particular matter terminates the latter's authority with respect to any further proceedings in the case, including a substantive appeal (*see, People v Sadler*, 149 AD2d 986).

Yesawich Jr., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the appeal is dismissed.

