IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2016-NMSC-004

Filing Date: December 10, 2015

Docket No. S-1-SC-35049

STATE OF NEW MEXICO,

 Plaintiff-Petitioner,

v.

DANNY SURRATT,

 Defendant-Respondent.

ORIGINAL PROCEEDING ON CERTIORARI
Steven L. Bell, District Judge

Hector H. Balderas, Attorney General
Yvonne Marie Chicoine, Assistant Attorney General
Santa Fe, NM

for Petitioner

Templeman & Crutchfield
C. Barry Crutchfield
Lovington, NM

for Respondent

OPINION

DANIELS, Justice.

{1} Following a second trial, Defendant Danny Surratt was convicted of criminal sexual penetration of a minor. Defendant appealed his conviction, claiming the district attorney serving as special prosecutor at the second trial lacked the authority to prosecute the case because his appointment by the first special prosecutor, also a district attorney, was invalid. Defendant maintained that the Lea County District Court was thereby divested of jurisdiction over his criminal proceedings. The Court of Appeals agreed with Defendant and reversed his conviction, effectively remanding the case for a third trial. *See State v. Surratt*, 2015-

NMCA-039, ¶ 16, 346 P.3d 419. We hold that a properly appointed special prosecutor is given all the authority and duties of the appointing district attorney to prosecute the case for which that special prosecutor was appointed, including the authority to name another special prosecutor if unable to proceed for an ethical reason or other good cause. Defendant does not raise any additional grounds for reversal on appeal. Accordingly, we reverse the Court of Appeals and reinstate Defendant's conviction.

## I.    BACKGROUND

{2}    On August 31, 2010, following an investigation by the New Mexico State Police, Defendant Danny Surratt was charged in Lea County Magistrate Court with several counts stemming from allegations of inappropriate sexual conduct with his two minor stepgranddaughters. Defendant served for many years as a law enforcement officer in Lea County and was a deputy sheriff at the time the allegations arose. Janetta Hicks, who was then the district attorney for the Fifth Judicial District where Lea County is located, determined that Defendant's position and relationship with the Lea County Sheriff's Department created a conflict of interest for her office. As a result, she appointed the district attorney for the Twelfth Judicial District, Diana Martwick, or her designee as special prosecutor for the State in Defendant's case. The signed and notarized appointment was filed with the Lea County Magistrate Court on September 1, 2010.

{3}    On December 13, 2010, a Lea County Magistrate found probable cause to order the case bound over for trial in the district court. An assistant district attorney from Martwick's office filed a four-count criminal information against Defendant in the Lea County Fifth Judicial District Court. At the conclusion of the State's case, the district court dismissed two counts, a jury found Defendant guilty on one count of criminal sexual penetration of a child between the ages of thirteen and eighteen, and the court declared a mistrial on the final count because the jury could not reach consensus. Prior to sentencing, new counsel for Defendant moved for a new trial on the basis of an improper jury instruction pertinent to the charge for which Defendant was convicted. The district court granted Defendant's motion, set aside the verdict, and ordered a second trial.

{4}    At the time the case was remanded for a second trial, Martwick determined that her office could no longer effectively prosecute the State's case against Defendant. She believed the assistant district attorney assigned to the case lacked the requisite experience to conduct a retrial, a conflict had developed between the alleged victims and the State's prosecutors in the first trial during the course of that trial, and she herself was precluded from participating in a new trial because she was quite ill and undergoing extensive medical treatment. Ultimately, Martwick "felt that it would be in the best interest of justice to re-assign the case" to the office of another district attorney. She contacted Hicks regarding the case reassignment. They agreed that because Hicks' office was conflicted out of the case, Martwick herself should appoint another special prosecutor.

{5}    Martwick appointed Matthew Chandler, the Ninth Judicial District Attorney at that

2

time, or his designee as special prosecutor in her place. The appointment was filed with the Lea County District Court on July 6, 2012. Chandler's chief deputy entered her appearance in the case three days later. Prior to the second trial, the district court granted Defendant's motion to sever the two remaining charges against him. The State first proceeded against Defendant on one count of criminal sexual penetration of a child under the age of thirteen, and the jury found Defendant guilty. Once again before sentencing, Defendant's counsel filed a motion for a new trial, indicating that he had received a telephone call from an unidentified individual stating that "the jury had and used improper information" in Defendant's case. The district court issued an order permitting Defendant's counsel to interview jurors to determine whether the anonymous allegation had merit. The court sentenced Defendant to eighteen years of imprisonment but delayed entering the final judgment pending the outcome of defense counsel's investigation.

**{6}**   Defense counsel did not uncover any juror misconduct in his investigation but stated in a motion to dismiss the complaint and set aside Defendant's sentence that, "[i]n the process of investigation, [he] became aware for the first time of defects in the appointment of counsel for the State serving as Special Prosecutor." Specifically, Defendant challenged Martwick's appointment of Chandler, arguing Martwick was not authorized to make the appointment and therefore it was "without legal effect." Defendant argued Chandler therefore lacked legal authority to prosecute him, and absent that authority "no jurisdiction exist[ed] for criminal prosecution of the matter." The district court allowed both parties to submit further briefing before hearing the issue.

**{7}**   The State's briefing included affidavits from District Attorneys Hicks, Martwick, and Chandler. In her affidavit, Hicks indicated that "[o]nce this conflict appointment took place, [she] no longer had any authority whatsoever over the case" and that "the appropriate manner to handle th[e] matter was in [District Attorney Martwick's] sole discretion," including decisions regarding any further appointment deemed appropriate. In addition to expounding her reasons for reassigning the case, Martwick stated in her affidavit that she "made the appointment as [she] was the current assigned Special Prosecutor in the matter and the Fifth Judicial District [Attorney] had already been conflicted out of the proceeding." Martwick further indicated that when she spoke with Hicks prior to appointing Chandler, both agreed that Hicks was conflicted out and that Martwick "should be the one to do the appointment." Finally, Chandler stated in his affidavit that when Martwick approached him for assistance, he agreed to represent the State in Defendant's case and accordingly filed the appointment and oath of special prosecutor.

**{8}**   The district court denied Defendant's motion and formally entered the judgment and sentence against Defendant for the first degree felony conviction of criminal sexual penetration in violation of NMSA 1978, Section 30-9-11(D)(1) (2009). The State dismissed the remaining charge of criminal sexual penetration in the second degree without prejudice for "judicial efficiency." All trial court proceedings in Defendant's case were heard in the Lea County Fifth Judicial District Court before the same judge.

**{9}** Defendant appealed the district court's ruling on his motion to dismiss the complaint and set aside his sentence, asserting that Martwick's improper appointment of Chandler divested the district court of jurisdiction to hear the second trial. The Court of Appeals reversed the district court, holding that (1) District Attorney Martwick lacked lawful authority to appoint District Attorney Chandler, (2) District Attorney Chandler lacked authority to prosecute the State's case against Defendant, and (3) the District Court lacked jurisdiction over Defendant's second trial. *See Surratt*, 2015-NMCA-039, ¶ 16.

**{10}** We granted certiorari, 2015-NMCERT-002, 346 P.3d 371, to consider the authority of a properly appointed special prosecutor to appoint another special prosecutor when an ethical conflict or other good cause arises altogether preventing continued participation of the original appointee in the criminal proceeding.

## II. DISCUSSION

**{11}** We must determine the scope of a special prosecutor's authority under NMSA 1978, Section 36-1-23.1 (1984), in order to then address the question whether the Lea County Fifth Judicial District Court retained jurisdiction over Defendant's criminal proceedings. We turn to principles of statutory construction to guide our analysis.

### A. Standard of Review

**{12}** "Statutory construction is a matter of law we review de novo." *State v. Nick R.*, 2009-NMSC-050, ¶ 11, 147 N.M. 182, 218 P.3d 868. The primary goal in construing a statute is to "ascertain and give effect to the intent of the Legislature." *State v. Tafoya*, 2010-NMSC-019, ¶ 10, 148 N.M. 391, 237 P.3d 693 (internal quotation marks and citation omitted). The Court begins by "examin[ing] the plain language of the statute as well as the context in which it was promulgated, including the history of the statute and the object and purpose the Legislature sought to accomplish." *Nick R.*, 2009-NMSC-050, ¶ 11 (internal quotation marks and citation omitted). "This Court has rejected a formalistic and mechanical statutory construction when the results would be absurd, unreasonable, or contrary to the spirit of the statute." *State v. Smith*, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022.

### B. Section 36-1-23.1 Applies to a District Attorney's Appointment of Another Elected District Attorney When a Conflict of Interest Arises

**{13}** The office of the district attorney is a constitutional office with duties prescribed and delimited by the Legislature. *See State ex rel. Att'y Gen. v. Reese*, 1967-NMSC-172, ¶ 26, 78 N.M. 241, 430 P.2d 399 ("The constitution and statutes clearly prescribe and delimit [the district attorney's] authority."); *see* N.M. Const. art. VI, § 24 (establishing the office of district attorney and authorizing legislation to prescribe duties and qualifications for the office); NMSA 1978, §§ 36-1-1 to -28 (1909, as amended through 2001) (prescribing duties, administrative and operational provisions, jurisdiction, and requirements for the office of district attorney). Pursuant to the authority granted by the New Mexico Constitution, the

Legislature has determined various responsibilities of the district attorney, as well as circumstances in which the district attorney may be succeeded in the exercise of these responsibilities. *See, e.g.*, NMSA 1978, § 8-5-3 (1933) (authorizing the attorney general to act "upon the failure or refusal of any district attorney to act"as otherwise authorized "in any criminal or civil case" in the interest of a "county, state, or any department thereof"); § 36-1-19(A) (giving the offices of the attorney general and district attorney concurrent jurisdiction in representing interests of the state or a county); § 36-1-23.1 (authorizing a district attorney whose office is unable to "prosecute a case for ethical reasons or other good cause" to "appoint a . . . special assistant district attorney"); *see also State v. Naranjo*, 1980-NMSC-061, ¶¶ 5, 10-11, 94 N.M. 407, 611 P.2d 1101 (describing circumstances in which the attorney general, exercising powers concurrent with a district attorney's powers, appointed a special prosecutor when both the district attorney and the attorney general "recused their offices . . . from prosecuting" the county sheriff).

**{14}**    Under New Mexico law, "[e]ach district attorney shall . . . prosecute and defend for the state in all courts of record of the counties of his district all cases, criminal and civil, in which the state or any county in his district may be a party or may be interested." Section 36-1-18(A)(1). As an elected representative of the people, a district attorney has broad discretion in determining "what charges to bring and what people to prosecute in the best interest of the people of the State of New Mexico." *State v. Brule*, 1999-NMSC-026, ¶ 14, 127 N.M. 368, 981 P.2d 782 (internal quotation marks and citation omitted). Accordingly, "courts must be wary not to infringe unnecessarily on the broad charging authority of district attorneys, and we will require clear evidence of an intent by the Legislature to limit prosecutorial discretion." *State v. Santillanes*, 2001-NMSC-018, ¶ 21, 130 N.M. 464, 27 P.3d 456.

**{15}**    One exception to the authority to appear on behalf of the state arises when the district attorney is disqualified from acting in a particular case. *See generally State v. Gonzales*, 2005-NMSC-025, ¶¶ 14-19, 138 N.M. 271, 119 P.3d 151 (discussing New Mexico case law pertaining to a court's disqualification of prosecutors). This includes occasions where "prosecution by a member of the district attorney's office is inconsistent with a particular standard of professional conduct," such as improper influence from private interests or existence of a prior professional relationship. *Id.* ¶¶ 28, 38, 44. A district attorney aware of a conflict of interest or for other good cause may also voluntarily recuse in a particular case to avoid the conflict or appearance of impropriety. *See* § 36-1-23.1; *see also State v. Hill*, 1975-NMCA-093, ¶ 14, 88 N.M. 216, 539 P.2d 236 ("Public confidence in the [district attorney's] office in the exercise of broad powers demands that there be no conflict of interest or the appearance of a conflict."). When a district attorney "cannot prosecute a case for ethical reasons or other good cause," Section 36-1-23.1 titled "Special prosecutors in conflict cases" provides,

> Each district attorney may . . . appoint a practicing member of the bar of this state to act as special assistant district attorney. Any person so appointed shall have authority to act only in the specific case or matter for which the

5

appointment was made. An appointment and oath shall be required of special assistant district attorneys in substantially the same form as that required for assistant district attorneys in Section 36-1-2 NMSA 1978.

**{16}** As a threshold matter, the State suggests that Section 36-1-23.1 is not invoked when an elected district attorney requests, for a specific case, that another elected district attorney prosecute the case instead. Applying well established rules of statutory construction, we disagree. An ordinary reading of the statute's plain language suggests the Legislature intended the statute to apply to the appointment of both private counsel and other public prosecutors. While the terms "special prosecutor" and "special assistant district attorney" are not specifically defined within the statute, its text is inclusive of both private counsel and other public prosecutors in its generic reference to "a practicing member of the [New Mexico] bar." This plain-language reading is consistent with the definition of special prosecutor adopted by the National District Attorney's Association as "any person who performs the prosecution function in a jurisdiction who is not the chief prosecutor elected or appointed in the jurisdiction, or an assistant or deputy prosecutor in the jurisdiction." National District Attorney's Association, *National Prosecution Standards* 2 (3d ed. 2009), *available at* http://www.ndaa.org/pdf/NDAA NPS 3rd Ed. w Revised Commentary.pdf (last visited Dec. 7, 2015).

**{17}** Unless an alternative source of legal authority grants the district attorney power to assign a case to another district attorney's office, Section 36-1-23.1 must control here. There is a line of statutory authority in addition to Section 36-1-23.1 that allows a district attorney to appoint assistants. Sections 36-1-2 and 36-1-5 permit a district attorney to appoint assistant district attorneys as regular employees to aid in the discharge of the legally prescribed duties of the office. But in *State v. Hollenbeck*, the Court of Appeals construed these statutory provisions together and determined that Sections 36-1-2 and 36-1-5 were not implicated under circumstances comparable to those presented here, and that "only" Section 36-1-23.1 applied. *See* 1991-NMCA-060, ¶ 11, 112 N.M. 275, 814 P.2d 143.

**{18}** In *Hollenbeck*, the state sought to avoid statutory noncompliance for appointing a special prosecutor absent an ethical reason or other good cause by arguing that the appointment of a Medicaid Providers Fraud Control Unit attorney as special prosecutor was authorized under Sections 36-1-2 and 36-1-5 and that Section 36-1-23.1 was inapposite. *See Hollenbeck* ¶¶ 8-9. Applying the general/specific statute rule of construction, the Court of Appeals rejected the state's suggestion of "an inherent or general statutory power to appoint a special prosecutor for an individual case despite a specific statutory provision governing the appointment of such special prosecutors" and held that Section 36-1-23.1 alone, being "the more specifically applicable" statute, was implicated. *Id.* ¶¶ 11-12; *see also Santillanes*, 2001-NMSC-018, ¶ 7 (explaining that under the general/specific statute rule of construction, "if two statutes dealing with the same subject conflict, the more specific statute will prevail over the more general statute . . .").

**{19}** The State here fails to advance an alternative source of legal authority for assigning

6

a case to another district attorney's office when a conflict of interest arises, nor do we perceive one. We agree with the *Hollenbeck* Court that Section 36-1-23.1, the provision "deal[ing] specifically with appointments of assistant district attorneys for individual cases," is the only provision that could authorize the appointment of another district attorney to prosecute Defendant's case. *See* 1991-NMCA-060, ¶ 11. Accordingly, we conclude that the Legislature intended Section 36-1-23.1 to apply to the appointment of any practicing member of the New Mexico bar, public or private counsel, as special prosecutor.

**{20}** Having determined that Section 36-1-23.1 is the controlling legal authority in this case, we now turn to the scope of a special prosecutor's authority under the statute to appoint another elected district attorney as special prosecutor.

### C.   District Attorney Martwick, as Special Prosecutor, Had the Authority to Take Any Action She Deemed Appropriate in Prosecuting Defendant's Case

**{21}** New Mexico courts have not yet addressed the full scope of a special prosecutor's authority to act pursuant to Section 36-1-23.1, but the practice of appointing a special prosecutor or attorney pro tempore when the elected district attorney is disqualified or has had to recuse from participating in criminal proceedings is not unique to New Mexico.[1] Nevertheless, our state is unique in that the Legislature granted the district attorney who perceives a conflict the authority and discretion to appoint a special prosecutor without seeking leave of the court or permission from the attorney general prior to making the appointment. *See* § 36-1-23.1. This is consistent with the high value New Mexico places on "public . . . confidence" in the integrity of the office of the district attorney, *Gonzales*, 2005-NMSC-025, ¶¶ 37, 51, and with the desire to maintain a prosecutor's "distinctive role of

---

[1]*See, e.g.*, Ala. Code § 12-17-189 (1940) ("When any district attorney is suspended, the court shall appoint a district attorney pro tem, who shall perform the duties of the office of district attorney. . . ."); Colo. Rev. Stat. § 20-1-107(4) (2002) ("If the district attorney is disqualified in any case which it is his or her duty to prosecute or defend, the court having criminal jurisdiction may appoint a special prosecutor to prosecute or defend the cause."); Mich. Comp. Laws § 49.160(1) (2003) ("If the prosecuting attorney . . . determines himself or herself to be disqualified by reason of conflict of interest . . . , he or she shall file with the attorney general a petition stating the conflict . . . and requesting the appointment of a special prosecuting attorney to perform the duties of the prosecuting attorney. . ."); Mo. Ann. Stat. § 56.110 (2014) ("If the prosecuting attorney . . . be interested . . . in any case . . . , the court having criminal jurisdiction may appoint some other attorney to prosecute or defend the cause."); Tenn. Code Ann. § 8-7-106(a) (West 1996) ("If the district attorney general fails to attend the circuit or criminal court, or is disqualified from acting, or if there is a vacancy in the office, the court shall appoint some other attorney to supply such district attorney general's place temporarily. The acts of such district attorney general pro tem shall be as valid as if done by the regular officer, and the district attorney general pro tem shall be entitled to the same privileges and emoluments.").

7

disinterested and impartial public advocate[],” *State v. Robinson*, 2008-NMCA-036, ¶¶ 16-17, 143 N.M. 646, 179 P.3d 1254.

**{22}** In construing statutory sources of authority, we are careful to avoid restricting a district attorney’s prosecutorial discretion. *See Santillanes*, 2001-NMSC-018, ¶ 21 (discussing flexible application of a rule of construction so as not to “infringe unnecessarily on the broad charging authority of district attorneys”). This has been true in our limited construction of Section 36-1-23.1. For example, in *State v. Cherryhomes* this Court looked at the statutory language and, in the absence of an implicit or explicit Legislative restriction, determined that the Legislature did not intend the appointment to be personal to the appointee but rather allowed a special prosecutor to delegate responsibilities associated with the appointment. *See* 1996-NMSC-072, ¶ 11, 122 N.M. 687, 930 P.2d 1139. In fact, we noted in *Cherryhomes* that the language of Section 36-1-23.1 only places restrictions on a special prosecutor’s scope of authority to act in “‘the specific case or matter for which the appointment was made.’” *Id.* ¶ 8 (quoting Section 36-1-23.1). The statute places no other constraints on a special prosecutor’s authority to act in a given case provided an appointment is made and an oath taken. *See* § 36-1-23.1; *see also Cherryhomes*, 1996-NMSC-072, ¶ 6 (“[T]he rationale for requiring authorization for prosecution is to avoid prosecution by persons who are not held accountable or subject to the oath of office.” (internal quotation marks and citation omitted)).

**{23}** Many other jurisdictions have decided that a special prosecutor steps into the shoes of the district attorney and has the same power and authority in relation to the specific case for which that special prosecutor was appointed as the district attorney would have if not otherwise conflicted in the case. *See, e.g.*, *Petition of Padget*, 678 P.2d 870, 874 (Wyo. 1984) (explaining that the state statute permitting a court to direct or permit any member of the bar to act in the place of a district attorney where a disqualifying conflict of interest arises allows that attorney to assume the same duties and responsibilities as those of the district attorney); *People v. Hastings*, 903 P.2d 23, 25 (Colo. App. 1994) (“When a special prosecutor is appointed, that person becomes the district attorney for that particular case, exercising plenary power.”), *as modified on denial of reh’g* (Feb. 16, 1995).

**{24}** In *State v. Rosenbaum*, the Texas Court of Criminal Appeals addressed whether a special prosecutor appointed to replace a disqualified district attorney had authority to file an appeal absent authorization from that district attorney. *See* 852 S.W.2d 525, 526 (Tex. Crim. App. 1993) (en banc). Under state statute, a prosecuting attorney had to personally supervise and authorize appeals undertaken by his office on behalf of the state. *See id.* The defendant argued the appellate court was without jurisdiction because the special prosecutor lacked such authority. *See id.* at 527. Like New Mexico, Texas statute allows a district attorney to recuse in a case “for good cause.” *See* Tex. Code Crim. Proc. Ann. art. 2.07(b-1) (West 1999). Once the state’s attorney is disqualified, the court “may appoint any competent attorney to perform the duties of the office” during the absence or disqualification of the state’s attorney. *Id.* art. 2.07(a). The *Rosenbaum* Court determined that “an attorney *pro tem* or special prosecutor *takes the place of* the disqualified district attorney assuming all the

8

district attorney's powers and duties in the case," and "is not subject to the direction of the disqualified district attorney as is a subordinate, but, for that case, he *is* the district attorney." 852 S.W.2d at 528.

**{25}** Under the facts in *Rosenbaum*, the judge and the disqualified and appointed district attorneys properly followed statutory procedure, and the court indicated that by requesting to be disqualified "the district attorney manifested his intention to give his full power and authority to the special prosecutor in the case." *Id.* at 527. In fact, the district attorney filed a motion asking the court to allow him to abstain from signing the notice of appeal, thereby demonstrating his belief that the special prosecutor retained full power and control over the case. *See id.* The court found that the special prosecutor "was given *all* the powers and duties of the district attorney by the court order to 'investigate' and 'prosecute' the case" and that such powers included the authority of a district attorney to file an appeal. *Id.* at 528.

**{26}** Similarly here, Martwick was given all the powers and duties of Hicks by the appointment as special prosecutor to prosecute in Defendant's case. It would be absurd to construe the legislative mandate that a district attorney altogether precluded from proceeding for an ethical reason or other good cause could appoint a special prosecutor but limit the authority of that special prosecutor solely in this one area of responsibility over a case. Within constitutional limits, a district attorney has broad authority to control key aspects of a prosecution, including determinations about whom and whether to prosecute and what charges to bring. *See State v. Estrada*, 2001-NMCA-034, ¶¶ 10-11, 130 N.M. 358, 24 P.3d 793 ("Prosecutorial discretion, while broad, is not limitless and is bound by constitutional constraints."). Within the bundle of authorities the Legislature granted a district attorney is the ability to appoint a special prosecutor under circumstances permitted by statute. *See* § 36-1-23.1. "A special prosecutor does not displace the prosecuting attorney from his constitutional office, but in order . . . to be effective in the investigation and prosecution of the matters for which he has been appointed, he must have the right to proceed in the same manner as the prosecuting attorney." *Weems v. Anderson*, 516 S.W.2d 895, 901 (Ark. 1974).

**{27}** Defendant suggests that such a reading could give "unlimited discretion" to substitute prosecutors that would result in irresponsible reappointments and "unpredictable results," but the hypothetical situations he sets forth are neither before this Court nor, in our view, likely to occur.

**{28}** The case before us involves three elected district attorneys in the State of New Mexico, subject to the oath of office and obligated to the public. *See* N.M. Const. art. XX, § 1 ("Every person elected or appointed to any office shall, before entering upon his duties, take and subscribe to an oath or affirmation that he will support the constitution of the United States and the constitution and laws of this state, and that he will faithfully and impartially discharge the duties of his office to the best of his ability."); § 36-1-1(requiring for each elected district attorney "an oath of office as prescribed for other officers"); § 36-1-2 (requiring for each appointed assistant district attorney "an oath of office as is now prescribed by law for district attorneys"); § 36-1-23.1 (requiring for each appointed special

9

assistant district attorney "an oath . . . in substantially the same form as that required for assistant district attorneys"). A special prosecutor is no less obligated than a district attorney to protect the public interest and the rights of the accused impartially and free from conflict. While not required, both Hicks and Martwick strictly complied with the appointment provisions of Section 36-1-23.1. *See Cherryhomes*, 1996-NMSC-072, ¶¶ 6, 18 (holding that *strict* compliance with the appointment and oath provisions of Section 36-1-23.1 is not required but that "the appointment and oath of a special prosecutor be in '*substantially* the same form' as the appointment and oath of an assistant district attorney" (emphasis added)). Hicks appointed Martwick or her designee specifically and solely to prosecute Defendant's case and filed that appointment with the court that had been vested with jurisdiction over the case. Martwick filed an oath to faithfully and impartially discharge her duties as special prosecutor and act only within the bounds of the case for which she was appointed.

{29} In making the appointment, Hicks manifested her intention to give her full power and authority to Martwick in this specific case because her office had a conflict of interest that made it ethically inappropriate to have future participation in the case. Hicks renewed her belief that Martwick retained full control of the case during her consultation with Martwick about Chandler's appointment by reaching agreement that Martwick should make the appointment. Once Hicks had disqualified herself and appointed a special prosecutor, Martwick had the full duty, authority, and discretion to make decisions concerning Defendant's case. This included the authority to decide which charges to file, which charges to dismiss, which experts and evidence to introduce, and which motions to file. That full control over the case encompassed the authority to appoint a special prosecutor when an ethical reason or other good cause to do so arose during the proceedings. If Hicks was displeased with any of these decisions, she would not have had the authority to challenge them. *See People v. Dellavalle*, 259 A.D.2d 773, 775 (N.Y. App. Div. 1999) ("[T]he appointment of a Special Prosecutor to replace the District Attorney in a particular matter terminates the latter's authority with respect to any further proceedings in the case . . . ."). If the public was displeased with Hicks' choice of special prosecutor and events stemming therefrom, voters could voice their opinion at the polls. *See Quillen v. Crockett*, 928 S.W. 2d 47, 51 (Tenn. Crim. App. 1995) ("If voters are in disagreement with a prosecutor's charging determinations, they have the ultimate veto at the ballot box.").

{30} Under the facts of this case, we conclude that District Attorney Martwick, as the duly appointed special prosecutor, stepped into the shoes of elected District Attorney Hicks for all matters relating to the prosecution of this specific case in accordance with Section 36-1-23.1. Martwick, having the same power and authority in Defendant's case as Hicks would have absent the conflict of interest, had sole discretion and authority to appoint a special prosecutor when ethical reasons or other good cause arose that impeded her own office from remaining on the case. Having been properly appointed by Martwick in accordance with Section 36-1-23.1, District Attorney Chandler had authority to prosecute Defendant's case.

{31} Because we conclude that Chandler had authority to proceed on behalf of the State, Defendant's challenge does not raise an issue of subject matter jurisdiction, and we need not

reach the State's argument that a prosecutor's lack of authority to conduct a criminal case is a procedural rather than jurisdictional defect. *See People v. Scott*, 116 P.3d 1231, 1233 (Colo. App. 2004) (determining that because the district attorney's acts were valid, defendant's challenge to the district attorney's prosecutorial authority did not raise an issue of subject matter jurisdiction). The district court properly obtained subject-matter jurisdiction over these criminal proceedings when the charges were initially filed and did not lose jurisdiction over the case as a result of any substitution of the prosecutor.

## III.    CONCLUSION

{32}    We hold that the lawful appointment of District Attorney Martwick as Special Prosecutor vested her with all the powers and duties of the original district attorney to investigate and prosecute this case, including the authority to appoint another special prosecutor pursuant to Section 36-1-23.1. Because we conclude that Martwick had the authority to appoint District Attorney Chandler as special prosecutor in her place, we reverse the Court of Appeals and reinstate Defendant's conviction.

{33}    **IT IS SO ORDERED.**

---

**CHARLES W. DANIELS, Justice**

**WE CONCUR:**

---

**BARBARA J. VIGIL, Chief Justice**

---

**PETRA JIMENEZ MAES, Justice**

---

**EDWARD L. CHÁVEZ, Justice**

**JUDITH K. NAKAMURA, Justice, not participating**

11