This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41806**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**WILLIAM GARDNER,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Christopher G. Perez, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Candelaria Law LLC
Jacob R. Candelaria
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

## BACKGROUND

**{2}** The district attorney for the Second Judicial District appointed Michael Fricke as special prosecutor in this matter, pursuant to NMSA 1978, Section 36-1-23.1 (1984) ("Each district attorney may . . . appoint a practicing member of the bar of this state to act as special assistant district attorney."). [RP 13, 16] The appointment was duly filed with the district court, and reflected that Fricke had taken the oath as required. [RP 16] *See id.* ("An appointment and oath shall be required of special assistant district attorneys in substantially the same form as that required for assistant district attorneys in [NMSA 1978,] Section 36-1-2 [(1984)]."); *see also* § 36-1-2 ("Every appointment of an assistant district attorney shall be in writing under the hand of the district attorney and filed in the office of the clerk of the district court of the judicial district in which the district attorney resides, and the person so appointed shall take and file in the office of the clerk of the district court of the judicial district in which the district attorney resides an oath of office as is now prescribed by law for district attorneys before entering upon his duties as assistant district attorney."). Defendant promptly moved to quash the indictment, contending that Fricke lacked authority to prosecute, such that the district court lacked jurisdiction. [RP 10-11] *See State v. Baca*, 1984-NMCA-096, ¶ 7, 101 N.M. 716, 688 P.2d 34 (indicating that a court obtains no jurisdiction over an action brought without authority, and if an individual who does not have authority to prosecute a case seeks to do so, the court will lack jurisdiction). The motion was denied. [RP 21] Defendant renewed the argument in a second motion to quash, [RP 79-82, 150-52] which was also denied. [RP 167] Defendant subsequently pled no contest to two counts of practicing dentistry without a license, contrary to NMSA 1978, Section 61-5A-18(A) (2003), [RP 225-30] reserving the right to renew his jurisdictional challenge on appeal. [RP 227]

## STANDARD OF REVIEW

**{3}** "Determining whether the district court properly exercised its jurisdiction is a question of law that we review de novo." *State v. Barraza*, 2011-NMCA-111, ¶ 5, 267 P.3d 815. Similarly, to the extent that Defendant's argument requires us to engage in statutory construction, we apply de novo review. *See State v. Surratt*, 2016-NMSC-004, ¶ 12, 363 P.3d 1204 (reflecting that a similar question of jurisdiction answered through statutory construction was subject to de novo review).

## DISCUSSION

**{4}** Under New Mexico law, the district attorneys are generally responsible for prosecuting criminal offenses on behalf of the State. *See* NMSA 1978, § 36-1-18(A)(1) (2001) ("Each district attorney shall . . . prosecute and defend for the state in all courts of record of the counties of his district all cases, criminal and civil, in which the state or any county in his district may be a party or may be interested."); NMSA 1978, § 36-1-19(A) (1985) ("[N]o one shall represent the state . . . in any matter in which the state . . . is interested except the . . . district attorney or his legally appointed and qualified assistants and such associate counsel as may appear on order of the court, [inter alia.]"); *see also Surratt*, 2016-NMSC-004, ¶¶ 13-14 (addressing the constitutional

nature and statutory duties of the office of the district attorney). However, the district attorneys may be succeeded in the exercise of their prosecutorial responsibilities under a variety of circumstances. *See id.* ¶ 13 ("Pursuant to the authority granted by the New Mexico Constitution, the Legislature has determined various . . . circumstances in which the district attorney may be succeeded in the exercise of these responsibilities."). Among these, Section 36-1-23.1 provides: "Each district attorney may, when he cannot prosecute a case for ethical reasons or other good cause, appoint a practicing member of the bar of this state to act as special assistant district attorney."

**{5}** The New Mexico Supreme Court has addressed Section 36-1-23.1 on several occasions. Most recently, the Court explained that this statutory provision grants the district attorneys authority to voluntarily recuse for ethical reasons or other good cause, and to appoint any practicing member of the New Mexico bar, public or private counsel, as special prosecutor in a specific case or matter. *Surratt*, 2016-NMSC-004, ¶¶ 15, 19. This authority is discretionary, and may be exercised "without seeking leave of the court." *Id.* ¶ 21. In recognition of the broad authority that Section 36-1-23.1 confers upon the district attorneys to appoint special prosecutors in specific cases and matters, the Court has held that, "provided an appointment is made and an oath is taken," Section 36-1-23.1 "places no other constraints" upon the delegation of authority thereunder. *Surratt*, 2016-NMSC-004, ¶ 22; s*ee also State v. Cherryhomes*, 1996-NMSC-072, ¶ 6, 122 N.M. 687, 930 P.2d 1139 ("Section 36-1-23.1 requires only that the appointment and oath of a special prosecutor be in substantially the same form as the appointment and oath of an assistant district attorney. We do not believe that Section 36-1-23.1 requires strict compliance to further the goal of the [L]egislature." (internal quotation marks omitted)).

**{6}** In this case, the district attorney's appointment of Fricke, pursuant to Section 36-1-23.1 was placed in writing and filed with district court, and the requisite oath was duly taken. [RP 16] The district court determined that this constituted substantial compliance with the dictates of Section 36-1-23.1, such that the appointment was authorized and Defendant's jurisdictional challenge was unfounded. [RP 167] We agree.

**{7}** Defendant argues that rather than Section 36-1-23.1, Section 36-1-19(A) should apply to this case, and to every situation in which a private attorney is appointed to prosecute on behalf of the State. [BIC 16-17, 20-22] Otherwise, Defendant suggests "it is unclear when, if ever . . . [Section 36-1-19(A)] would apply or have any effect." [BIC 22] However, in *Surratt*, the New Mexico Supreme Court specifically held that the plain language of Section 36-1-23.1 "is inclusive of both private counsel and other public prosecutors." *Id.* 2016-NMSC-004, ¶ 16. Insofar as Section 36-1-23.1 applies "to the appointment of any practicing member of the New Mexico bar, [whether] public or private counsel, as [a] special prosecutor," *Surratt*, 2016-NMSC-004, ¶ 19, we reject Defendant's argument.

**{8}** In reliance upon Section 36-1-19(A) and *Baca*, 1984-NMCA-096, Defendant further contends that insofar as the State failed to obtain a court order, the appointment of the special prosecutor was unauthorized. [BIC 9-22] However, the Supreme Court

has held that Section 36-1-23.1 grants the district attorneys discretionary authority to appoint special prosecutors "without seeking leave of the court." *Surratt*, 2016-NMSC-004, ¶ 21. Although Defendant suggests that *Surratt* is distinguishable, [BIC 13] the Court's treatment of Section 36-1-23.1 therein is authoritative. We therefore decline to depart from it. *See generally State v. Boyse*, 2011-NMCA-113, ¶ 13, 150 N.M. 712, 265 P.3d 1285 (observing that "we are bound by Supreme Court precedent"). And *Baca* dealt with a very different situation, in which a private attorney prosecuted a criminal matter without any appointment, pursuant to Section 36-1-23.1 or otherwise. *See Baca*, 1984-NMCA-096, ¶ 4; *see also State v. Rivera*, 2012-NMSC-003, ¶ 21, 268 P.3d 40 (noting this aspect of *Baca* and its significance); *State v. Hollenbeck*, 1991-NMCA-060, ¶ 10, 112 N.M. 275, 814 P.2d 143 (observing that the attorney in *Baca* lacked authority because he had neither been appointed as an assistant district attorney nor appointed as associated counsel and approved by the court). As a result, *Baca* is inapposite.

**{9}**     Defendant further suggests that although Section 36-1-23.1 may not require a court order, compliance with Section 36-1-19(A) was *also* necessary, such that a court order remained an essential prerequisite to Fricke's appointment. [BIC 15, 17, 19-22] We disagree. As previously mentioned, there are several distinct lines of statutory authority in New Mexico, which allow district attorneys to appoint associate and/or assistant prosecutors. *See Surratt*, 2016-NMSC-004, ¶ 17 (commenting upon this feature of our laws); *Hollenbeck*, 1991-NMCA-060, ¶ 7 (same). Section 36-1-19(A) and Section 36-1-23.1 are among them. *See Hollenbeck*, 1991-NMCA-060, ¶¶ 7, 10. These provisions do *not* apply cumulatively, in a manner that would require compliance with all of the terms and conditions of all of both statutory provisions; rather, they are alternatives. *See id.* (describing Section 36-1-19(A) as yet "*another way* [in which] a private attorney may represent the state in criminal prosecutions," which is separate and distinct from various statutory alternatives, including Section 36-1-23.1 (emphasis added)). Although Defendant suggests that this aspect of the *Hollenbeck* decision should be disregarded as mere "dicta," [BIC 19] we conclude that it is reflective of the operative principles of law. As a result, we do not hesitate to apply it.

**{10}**     Finally, Defendant contends that the district attorney's failure to affirmatively demonstrate good cause for the appointment of Fricke in this matter should be deemed a fatal deficiency. [BIC 22-25] If Defendant had raised this below, it might have warranted inquiry. *See Hollenbeck*, 1991-NMCA-060, ¶ 14 (observing that Section 36-1-23.1 authorizes appointments of special prosecutors for "good cause," which might arise under a variety of circumstances, including resource constraints, inter alia). However, he did not. [RP 10-11, 79-82, 150-52] And as the district court observed, [RP 167] nothing within the plain language of Section 36-1-26.1 requires an unprompted, affirmative demonstration of good cause. Recognizing such a requirement would be at odds with the New Mexico Supreme Court's pronouncements in *Surratt*, 2016-NMSC-004, ¶ 22 (observing that, "provided an appointment is made and an oath is taken," the "statute places no other constraints" upon the delegation of authority, pursuant to Section 36-1-23.1), and *Cherryhomes*, 1996-NMSC-072, ¶ 6 (holding that strict compliance with the appointment and oath provisions of Section 36-1-23.1 is not required). We therefore reject Defendant's argument.

**CONCLUSION**

**{11}**    Insofar as the State made a showing of substantial compliance with the requirements of Section 36-1-23.1, the duly appointed special assistant district attorney had authority to prosecute this matter, and accordingly, the district court had jurisdiction. [RP 167] We therefore affirm.

**{12}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**