This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41610**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**WILSON JOE,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**R. David Pederson, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Aletheia V.P. Allen, Solicitor General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** The State appeals from the district court's order dismissing a felony case originally filed in the district court. The district court entered the dismissal order sua sponte nine days after remanding the case to magistrate court for a preliminary examination. Finding no basis in rule or law for dismissal, we reverse.

### BACKGROUND

**{2}** On October 19, 2023, the State filed a criminal information in the Eleventh Judicial District Court that charged Defendant with two felony counts: (1) homicide by vehicle (driving under the influence of intoxicating liquor or any drug), contrary to NMSA 1978, Section 66-8-101(A) (2016); and (2) great bodily harm by vehicle (driving under the influence of intoxicating liquor or any drug), contrary to NMSA 1978, Section 66-8-101(B) (2016). The district court held a first appearance on November 27, 2023, during which the court noted that Defendant had not yet received a preliminary examination. Unprompted, the court noted that "under the circumstances, [Defendant] is entitled to a preliminary hearing," and decided "to remand the [case] back to magistrate court for a preliminary hearing." The State did not object, but asked the court to complete the first appearance. The court did so. The parties raised no further arguments and the hearing adjourned. Later that day, the court filed an order remanding the case to magistrate court for a preliminary hearing. Nine days later, the court, on its own motion, filed an order dismissing the case without prejudice "for refiling in [m]agistrate [c]ourt where a [p]reliminary [h]earing may be held in the ordinary course." The State appeals.

## DISCUSSION

**{3}** The State contends the dismissal was contrary to the rules of criminal procedure and New Mexico case law. In particular, the State argues that dismissal is not justified merely because a preliminary examination had not yet occurred and violates the separation of powers doctrine. We agree.

**{4}** We "apply de novo review to determine what justifies dismissal by the district court." *State v. Hobbs*, 2024-NMCA-037, ¶ 8, 547 P.3d 765. "We examine the reasons given by the [district court] and [its] order of dismissal; if any of the reasons given is supportable, the order of dismissal must be upheld." *State v. Smallwood*, 1980-NMCA-037, ¶ 8, 94 N.M. 225, 608 P.2d 537.

**{5}** In this case, the district court did not identify a basis for dismissal in its order. The Court noted that "[t]he charges consist of two (2) felonies which entitles Defendant to a [p]reliminary [h]earing." The court then found that "[i]t is appropriate to [d]ismiss this matter in [d]istrict [c]ourt for refiling in [m]agistrate [c]ourt where a [p]reliminary [h]earing may be held in the ordinary course."

**{6}** Turning to the State's arguments, the State notes that there is no dispute that a criminal information was an appropriate charging document, *see* N.M. Const. art. II, § 14 ("No person shall be held to answer for a . . . felon[y] . . . unless on a presentment or indictment of a grand jury or information filed by a district attorney."), there was no bar to initiating the case in the district court, *see* Rule 5-201(C) NMRA, and Defendant was entitled to a preliminary hearing, *see State v. Burk*, 1971-NMCA-018, ¶ 2, 82 N.M. 466, 483 P.2d 940. As this Court recently observed, a criminal information may be filed before the preliminary examination takes place. *See State v. Evans*, 2023-NMCA-004, ¶ 9, 521 P.3d 1257. Consequently, the fact that a preliminary examination had not yet occurred in this case does not provide grounds for dismissal. *See id.*; *see also* Rule 5-302 NMRA (setting out the time limits and procedures governing preliminary hearings).

Nor was it necessary to dismiss the case in order to allow the magistrate court to conduct the preliminary examination. *See State v. Ahasteen*, 1998-NMCA-158, ¶ 11, 126 N.M. 238, 968 P.2d 328 (observing that an order remanding a case for further proceedings in a lower court does not end the case in the original forum; "it simply has gone to another forum and may well return again" (internal quotation marks and citation omitted)), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.[1] Accordingly, there is no basis in New Mexico's rules of criminal procedure or case law for dismissal of the district court case pending a preliminary examination in magistrate court.

**{7}** The State also contends that the dismissal violated separation of powers principles and infringed on the State's prosecutorial discretion. To the extent that the order directed the State to refile charges in magistrate court, we agree. "As an elected representative of the people, a district attorney has broad discretion in determining what charges to bring and what people to prosecute in the best interest of the people of the State of New Mexico." *State v. Surratt*, 2016-NMSC-004, ¶ 14, 363 P.3d 1204 (internal quotation marks and citation omitted). This discretion includes deciding "in which court to bring a criminal action." *Ahasteen*, 1998-NMCA-158, ¶ 22. "[C]ourts must be wary not to infringe unnecessarily on the broad charging authority of district attorneys." *Surratt*, 2016-NMSC-004, ¶ 14. The district court's order appears to require that a criminal information that was properly filed by the State in the district court, *see* Rule 5-201(C), be refiled in a different forum. Neither the district court nor Defendant has offered any authority supporting the district court's order, and we are likewise aware of none. Accordingly, we conclude that the dismissal order improperly infringed upon the State's well-established prosecutorial discretion.

**{8}** We briefly address Defendant's argument that dismissal was proper under the court's inherent authority to dismiss a case for failure to comply with Rule 5-201. Specifically, Defendant claims the criminal information was deficient because it "did not state the name of any witnesses on which it was based." Defendant did not raise this argument before the district court, and we understand him to argue that we should affirm the district court as right for any reason. We decline to do so. Our rules of criminal procedure state that an "information shall not be deemed invalid, nor shall the . . . proceedings thereon be stayed, arrested, or in any manner affected, because of any defect, error, omission, imperfection, or repugnancy therein which does not prejudice the substantial rights of the defendant upon the merits." Rule 5-204(A) NMRA. Indeed, "[n]o appeal . . . based on any such defect . . . shall be sustained unless it is affirmatively shown that the defendant was in fact prejudiced in the defendant's defense on the merits." Rule 5-204(D). On appeal, Defendant has not argued how the purported

---

[1]The State argues that the district court's remand was improper because the case was not originally filed in magistrate court. The State did not raise this argument below and did not object to the district court's proposal to remand the case to magistrate court for a preliminary hearing. We decline to consider the State's unpreserved argument. *See State v. Joanna V.*, 2003-NMCA-100, ¶ 10, 134 N.M. 232, 75 P.3d 832 (declining to review an issue on appeal where the issue was not preserved below and where counsel failed to argue any exception regarding the general public interest, fundamental error, or fundamental rights).

defect prejudiced him, and has thus failed to demonstrate that affirmance is warranted on the basis that the information omitted mention of any witnesses.

**CONCLUSION**

**{9}** Under the circumstances, the dismissal of the State's criminal information is not supported by the rules of criminal procedure and runs afoul of the prosecutorial discretion afforded in New Mexico. For these reasons, we reverse the district court's dismissal, and we remand this case to the district court with instructions to reinstate the case and for further proceedings consistent with this opinion.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**ZACHARY A. IVES, Judge**